## LUCIEN WARNER vs. HENRY KENNING.

## July 11, 1878.

**Fixtures—Agreement of Parties.**—In a case in which the annexation of a chattel to real property is of such a nature that the chattel can be detached without being materially injured, and without material injury to the things real to which it is attached, the question, whether the chattel becomes an irremovable fixture, may depend altogether upon agreement, or the special relations between the parties in interest, even if, in the absence of such agreement or relation, the chattel would become part of the real estate.

This action was brought in the district court for Carver county, to recover possession, with damages for detention, of a steam-engine and attachments alleged to have been taken by defendant without plaintiff's consent, and wrongfully, from the plaintiff's factory of which they formed a part. The defendant justified the taking under a chattel mortgage made by Charles and Theodore Kenning, the former owners of the engine.

A jury was waived, and the action tried before *L. M. Brown*, J. "It was agreed between the parties on the trial that the judge should personally inspect the premises and see how and where the property in controversy was annexed to the land; and accordingly, during the trial, the judge did personally make inspection, in presence of the parties and their counsel, to aid in determining the question in controversy." No evidence was introduced by either party as to the character of the annexation (if any) of the engine to the realty. Upon the judge's findings, a judgment was entered

for plaintiff, which was set aside, and a new trial ordered by *Macdonald*, J. (successor of *Brown*, J.,) and the plaintiff appealed.

*W. P. Warner*, for appellant.

*L. L. Baxter*, for respondent.

BERRY, J. In this case, the plaintiff claimed, and was found by the court below, to be owner and entitled to the possession of a certain steam-engine, by virtue of his owner-ship of a certain lot of land, with a building thereon, used as a place for the manufacture of doors, sash, etc., to which building the engine was attached, forming a part of its machinery. It was found, as a fact, that at the time when the plaintiff purchased the lot and building, the defendant held a chattel mortgage upon the engine, which mortgage was made by the owner of the engine before it was in any manner attached to the building or the premises upon which the same was situate. From the plaintiff's own testimony, it appears that at the time when he purchased, he knew of the existence of the defendant's chattel mortgage, and that he bought, expecting to pay the same. In exactly what manner the engine was attached or annexed to the building does not appear, but (if the fact be important) the reasonable infer-ence from what does appear is that the annexation or attach-ment was of such a character that the engine could be and was removed without any considerable injury to itself, or to the building in which it was placed. If the state of facts thus appearing, and which the evidence tends to show, was satisfactorily established as the real state of facts in the case, we are of opinion that, as between the plaintiff and defend-ant, the engine would be personal property, and subject to the chattel mortgage.

In a case in which the annexation of a chattel to real property is of such a nature that it can be detached without being materially injured, and without material injury to the things real to which it is annexed, the question whether the chattel becomes an irremovable fixture may depend altogether

upon agreement, or the special relation between the parties in interest, even if, in the absence of such agreement or relation, the chattel would become part of the real estate. If the agreement or special relation is such as to evince an understanding and intention between the parties that it should remain personal property, notwithstanding the annexation, the chattel will (at least as between them) retain that character. *Ford* v. *Cobb*, 20 N. Y. 344; *Hamlin* v. *Parsons*, 12 Minn. 108. Upon these considerations, we cannot say that the court below erred in granting a new trial. We are not to be understood, however, as expressing any opinion as to the credibility or weight of the evidence in the case, or as to what the result ought to be upon a new trial, and a perhaps fuller and clearer presentation of the facts to the trial court.

Order affirmed.