James C. Stout *vs.* George Stoppel.

December 15, 1882.

**Landlord and Tenant—Fixtures in Building — Personal Property.—** *Held*, that, under the evidence and instructions of the court in this case, the verdict of the jury necessarily established the facts (1) that the relation of landlord and tenant never existed between the parties to this action; (2) that the shelving and drawers described in the complaint were erected and placed in defendant's building by plaintiff, under a license from defendant, and under an agreement that plaintiff might remove the same at pleasure. Hence they never became a part of the realty, but preserved their character as the personal chattels of plaintiff.

**Action against Owner of Building for Conversion of Fixtures.—***Held*, *also*, that having been erected and placed in defendant's building under this license and agreement, and being capable of being severed and removed without material injury to the building, an action for their wrongful conversion, and to recover their value, will lie against the defendant, after demand upon him for permission to remove the same, and a refusal on his part, although they are still attached to the building, and have not been disannexed.

Plaintiff agreed with defendant to take a lease from him of a certain store. Before the lease was drawn, the plaintiff, with the permission of defendant, placed in the store certain counters and shelving necessary for a drug store. When the lease was to be executed, the parties could not agree as to the terms, and it was not completed. Plaintiff sought to remove the fixtures and shelving, and defendant refused to allow him to do so.

This action was brought in the district court for Olmsted county, to recover for the conversion, by the defendant, of the fixtures and shelving, and, after a trial before *Start*, J., and a jury, plaintiff had a verdict. Defendant appeals from an order refusing a new trial.

*Chas. C. Willson*, for appellant.

The property, being built against and to the walls, was a fixture. *Josslyn* v. *McCabe*, 46 Wis. 591; *Connor* v. *Squiers*, 50 Vt. 680; *O'Brien* v. *Kusterer*, 27 Mich. 289; *Guthrie* v. *Jones*, 108 Mass. 191; *Pope* v. *Garrard*, 39 Ga. 471.

*Jones & Gove*, for respondent.

MITCHELL, J. This is an action to recover the value of certain shelving and counters, the personal property of plaintiff, and alleged to have been wrongfully converted by defendant. The two points urged by defendant here, as well as in the court below, are (1) that the property which is the subject of the action being attached to and a part of the realty, this form of action will not lie; (2) that the plaintiff having annexed the property to the building of defendant while occupying it as his tenant, and having failed to remove it during his term, it became, under a familiar rule of law, the absolute property of defendant.

As well suggested by the court below, the difficulty with this argument is that it assumes that the property was a fixture, and became a part of the realty, and that the relation of landlord and tenant existed between the parties. These were the precise questions in issue under the pleadings and in dispute under the evidence, and which were submitted, under proper instructions, to the jury. Therefore their verdict necessarily establishes the facts that the relation of landlord and tenant never existed between the parties, and that the property was put in the building by plaintiff by the permission

of defendant, and under an agreement on his part that plaintiff might remove it at any time, and therefore that it never became a part of the realty, but preserved its character as the personal property of the plaintiff. It moreover appears that it was capable of being severed and removed without material injury to the building. The verdict is, in our opinion, amply sustained by the evidence.

The general rule which obtains where the common-law distinctions between the different forms of action are preserved, undoubtedly is that replevin or trover will not lie for anything attached to the realty. This proceeds upon the theory that it ceases to be a chattel by being affixed to the land, and becomes real property, but reducible again to a chattel state by separation from the realty, and that replevin or trover will only lie for a chattel. It may well be doubted whether the more sensible as well as logical rule would not have been, that whenever the right of removal exists, the fixture retains its chattel nature even during annexation, and that, therefore, trover or replevin would lie, even before severance from the realty, in favor of him having the right of removal against the owner of the realty, who, upon demand, refuses him permission to enter and remove.

But whatever may have been the propriety, in common-law forms of action, of this rule invoked by defendant, it can have no application under our system of practice, in which all distinctions in the forms of action have been abolished; and, even under the common-law practice, the rule referred to was not applicable to articles in their nature furniture merely, which, though fastened to the walls for safety or convenience, did not lose their character as personal chattels, nor to houses or other structures built on the land of another with his consent, and under an agreement, express or implied, that they should continue the personal property of the party erecting them, notwithstanding that they had not been severed from the land when the action was brought. *Warner* v. *Kenning*, 25 Minn. 173; *Smith* v. *Benson*, 1 Hill, 176; *Tifft* v. *Horton*, 53 N. Y. 377; *Hill* v. *Sewald*, 53 Pa. St. 271; *Osgood* v. *Howard*, 6 Greenl. 452; *Davis* v. *Taylor*, 41 Ill. 405; *Adams* v. *Goddard*, 48 Me. 212; *Guthrie* v. *Jones*, 108 Mass. 191; *Finney* v. *Watkins*, 13 Mo. 291; *Vilas* v. *Mason*, 25 Wis. 310. Therefore, the plaintiff having the right to remove this

property, and defendant having upon request refused him permission to enter the building and remove it, an action would lie for damages for wrongful conversion, notwithstanding the fact that the property had not been dissevered from the realty.

Order affirmed.