CURTIS J. INGALLS *vs.* ST. PAUL, MINNEAPOLIS & MANITOBA RAILWAY COMPANY and another.

November 30, 1888.

**Fixtures—House Erected Under License on Another's Land—Right of Removal.**— One who erects a building on land of another by his license, if the consideration of the case be uninfluenced by laches of the former, or other special circumstances, is regarded to be the owner of the building, and entitled to remove it, if it be practicable, and works no serious injury to the land.

**Same—Effect of Revocation of License.**—And in such case, on revocation of the license to occupy the land with the building, he is entitled to a reasonable opportunity to remove it.

Appeal by plaintiff from an order of the district court for Stearns county, *Collins,* J., presiding, refusing a new trial after a verdict for defendants directed by the court.

*Tolman & Baldwin,* for appellant.

*Reynolds & Stewart,* for respondents.

GILFILLAN, C. J.[1] This is an action for converting a dwelling-house, claimed by plaintiff to be personal property belonging to him, and by defendant to be part of real estate belonging to it. The case, as it is presented here, must turn on the decision of the question whether it was personal property or was part of the realty; or, rather, whether there was evidence from which the jury might find it personal property. On the evidence the court below directed a verdict for the defendant, and the verdict was so rendered. The evidence tended to prove that in 1861, 1862, or 1863, one Stevens, with others, owned the land, and he had charge of it for all the owners; that

---

[1] Collins, J., did not sit in the case.

about that time one Huntington, who had no interest in the land, erected the building; that about 1864 he sold it to Whiting Bros., and they sold it, in 1872, to plaintiff, and he was in possession from that time until April 14, 1885; that on that day a tenant of his moved out, and that on the following day the defendant took possession, claiming that it owned the house; that in 1881 Stevens and the other owners (except the owner of an undivided one-eighth) conveyed the land to defendant, and that at the time of purchasing the defendant had notice that the plaintiff claimed to own the house. As to how the house came to be built, Stevens testified that between 1861 and 1863 Huntington came to him, and wanted a place to put a little building, and Stevens told him he could put it on the land in question, but gave him no interest in the land. Under this permission the house appears to have been built, and it remained there, without objection from any one, so far as appears, till taken by defendant.

If the jury had found this testimony to be true, it would have made a case of putting the house on the land by license of the owner. There was nothing in the manner of constructing it, or in the mode of its connection with the soil, to require a finding that it was intended to be permanently annexed so as to become a part of the freehold; for it does not appear that it could not be removed without injury to the land. The jury might have found it a case of mere license, without any agreement, except such as might be implied from it and the circumstances under which it was given, as to whether the house, after its construction, should belong to the builder, or to the owner of the land. In accordance with the general current of authorities, this court in *Little* v. *Willford*, 31 Minn. 173, (17 N. W. Rep. 282,) announced and followed the rule that "where the authority for placing a building upon the land of another rests upon his license, and the consideration of the case is uninfluenced by the unreasonable laches of the licensee, or other special circumstances, he is regarded as continuing to be the owner of the building, and equitably entitled to remove the same, if he elects, and if such removal be practicable, and works no serious injury to the land or premises of the licensor to which it was annexed." This rule, originating in courts of equity,

has come to be recognized at law. Id. A mere license to enter upon real estate is revocable. But if the licensee have erected, pursuant to it, a building which continues to be his property, he is entitled, upon revocation, to a reasonable opportunity to remove it. According to the testimony, the defendant appropriated the building without giving plaintiff any such opportunity; indeed, without giving him any notice of the revocation, other than by the act of appropriation. The case ought to have been submitted to the jury.

Order reversed.