## G. W. BROOKS v. W. H. LEWIS ET AL.

### No. 3281.

1. **Sheriff Sale—Purchaser's Right to Property Sold.**—When a sheriff holding personal property only under writ in favor of the purchaser sells it under such writ, and the amount bid is less than the execution, the purchaser is entitled to the possession upon the payment of the costs and his receipt for the balance of the sum bid by him. It is the duty of the sheriff to deliver possession, although the property may be subject to a prior lien.

2. **Sale of Incumbered Property.**—Upon the sale of incumbered property the purchaser only obtains the equity of redemption—the right to pay the prior lien and hold the property.

3. **Measure of Damages.**—Upon sale by sheriff of incumbered property and his refusal to deliver possession to the purchaser, the measure of damages in suit by purchaser against the sheriff for conversion would be the excess of its value over the lien with interest from date of conversion.

ERROR from Dallas. Tried below before Hon. R. E. BURKE.
The opinion states the case.

*Dixon & Moroney,* for plaintiff in error.—1. A creditor who attaches personal property of his debtor, the property being at the time in the actual and lawful possession of the debtor, and who prosecutes his attachment suit to judgment, foreclosing his attachment, and causes the property to be sold under final process after judgment, is entitled to all the proceeds of the sale after the payment of the costs; and he is not affected by a suit brought after the levy of his attachment by another alleged creditor to foreclose an alleged prior mortgage lien on the property when he is not made a party to the suit, and the petition of the alleged mortgage creditor shows that he had actual knowledge of the attachment. In such a case, the alleged mortgage creditor is not a necessary party to the attachment suit, but the attaching creditor is a necessary party to a suit to foreclose the mortgage. Betterton v. Eppstein, 78 Texas, 443; Hague v. Jackson, 71 Texas, 761.

2. When a plaintiff bids in property in his own name at a sale under final process, in his favor, for less than the amount of his judgment, and he is entitled to all the proceeds after the payment of costs, it is a sufficient compliance with the terms of his bid to tender in cash the amount of all costs, with a receipt for the balance, and a request to credit the amount of the bid on the execution. The officer making the sale has no right under such circumstances to demand the payment in cash of the entire amount of the bid. Freem. on Ex., sec. 300.

3. When suit is brought for such conversion, it is no defense that a third party, a stranger to the proceedings, claimed a superior lien on the property. The sheriff is a trespasser, and is responsible to the legal owner of the property for the full value of the same, without reference to the amount of any liens on the same.

4. When on the trial it appears that the claim of such stranger to the proceedings is a pretended chattel mortgage lien for less than the value of the property, the possession of which was not delivered with the mortgage, and there is no legal evidence that such chattel mortgage was ever filed for registration as provided by statute, and there is no evidence of the existence of any debt to the mortgagee, and the mortgagee has set up no claim to the proceeds of the execution sale, judgment should be rendered against the sheriff and his sureties for the full amount of the value of the property seized by him. 3 Suth. on Dam., sec. 524.

*Field & Homan*, for defendants in error.

STAYTON, CHIEF JUSTICE.—This action was brought by appellant against appellee and the sureties on his official bond as sheriff, to recover the value of six transfer wagons, alleged to be the property of appellant and converted by Lewis.

The cause was tried without a jury, and resulted in a judgment for defendants.

Appellant's claim arises under the following facts: Brooks sued the Dallas Passenger Transfer Company, on January 31, 1888, to recover a debt, and sued out a writ of attachment, which on the same day was levied on the six transfer wagons, and on July 3, 1888, appellant recovered a judgment foreclosing the attachment. Under this judgment an order to sell went into the hands of the sheriff on September 19, 1888, and on October 1 following the wagons were sold, and appellant became their purchaser for the sum of $299, which was less than the amount of the judgment in his favor. Appellant tendered to the sheriff the amount of cost due and demanded the wagons, but the sheriff refused to deliver them unless the entire sum bid was paid, whereupon this action was brought.

The grounds on which the sheriff refused to deliver the wagons to appellant on payment of costs will be seen from the following statement:

On July 13, 1888, W. J. Keller brought an action against the Dallas Passenger Transfer Company to recover a debt secured by mortgage on the wagons before referred to, and to foreclose that chattel mortgage, which bore date January 23, 1888, and was filed for record on the same day. Keller prayed for a writ of sequestration, and alleged that the six wagons were then in possession of the sheriff by virtue of the seizure made under the attachment sued out by appellant. Judgment was rendered in favor of Keller for $928.54, on August 8, 1888, with decree of foreclosure, under which order of sale issued August 31, returnable in thirty days, on which the sheriff made the following return: "Not executed by reason of the fact that the said omnibusses were levied on and held by me by virtue of a writ of attachment of G. W. Brooks v. The Dallas Passenger Transfer Company et al., and I could not sell the same without delivering possession thereof without violating the law compelling me to hold said property under said attachment."

Neither Brooks nor the sheriff were made parties to the suit brought by Keller, and so far as the record shows, no sequestration issued in the suit brought by him.

The court found that the value of the transfer wagons at the time same were sold under the writ issued in favor of Brooks was $1200, and

it appeared that the property was in the hands of the sheriff at time of trial. On this state of facts the court adjudged that appellant was entitled to no relief, and entered a judgment against him for costs.

It is obvious that the sheriff held the property when it was sold to appellant solely under writs issued in his behalf, and when the sale was made it was the duty of the sheriff, on payment of costs by Brooks, to deliver the wagons to him, the judgment in his favor amounting to more than his bid.

When the writs in favor of Brooks and Keller were in the hands of the sheriff he should have sold under both; and if the parties had not then agreed as to the proper disposition of the proceeds, he might have insisted upon the payment of the bid in full and have paid the money into court; requiring the parties there to settle their respective rights to the fund; but not having done this, and not having seized the property by virtue of any writ issued in behalf of Keller, when Brooks bought he became entitled to the possession of the property on payment of costs and receipting for the balance of his bid, although the property in his hands would have been liable to seizure and sale to satisfy the debt due to Keller, if, as appears from the record, the latter had the superior lien on the property. It does not follow from this, however, that Brooks would be entitled to recover the full value of the property from the sheriff and the sureties on his official bond, as would he be if by his purchase he had acquired an unincumbered title to the property. He only acquired by his purchase the right to pay the debt due to Keller secured by mortgage and then to hold the property—the equity of redemption; and the value of that with interest would be the measure of his damages.

It appearing that the sum due to Keller was less than the value of the property, the judgment entered should not have been rendered; but in view of the fact that the case has not probably been fully developed, this court will not render a judgment, but will reverse the judgment and remand the cause.

It is so ordered.

*Reversed and remanded.*

Delivered February 12, 1892.