PIONEER SAVINGS & LOAN CO. *vs.* ANSON E. FULLER.

Submitted on briefs April 4, 1894.    Affirmed April 20, 1894.

No. 8387.

**Fixtures as between landlord and tenant.**

> A mortgagor, in possession of real property pending the expiration of the
> year of redemption from a foreclosure sale, and his tenant, may, without
> the concurrence of the purchaser at the sale, enter into an agreement for
> the annexation of a chattel to the real property by the tenant of such a
> nature that it can be detached without being materially injured and with-
> out material injury to the things real, whereby the chattel shall remain
> personal property, removable by the tenant during the year of redemption.

Appeal by plaintiff, the Pioneer Savings and Loan Company, a
corporation, from an order of the District Court of Hennepin County,
*Seagrave Smith* and *Frederick Hooker,* JJ., made July 11, 1893, de-
nying its motion for a new trial.

Elwood S. Cook owned lot seven in block sixteen of Calhoun
Park Addition, Minneapolis, with the dwelling house thereon and
on July 1, 1890, mortgaged it to plaintiff to secure the payment
of $4,000 and interest.    The house was not completed and Cook
agreed to finish it according to plans and specifications.    These
included a mantle, grate and tiling.    On June 13, 1891, the mort-
gage was foreclosed and the house and lot·sold by the sheriff to
the plaintiff for $4,369.49 and a certificate of sale executed and re-
corded.    The sale was made under a power contained in the mort-
gage and the premises were subject, under 1878 G. S. ch. 81, § 13,
to redemption at any time within twelve months thereafter.    On
September 10, 1891, Cook leased the property to the defendant,
Anson E. Fuller, for a year and agreed with him that he might place
a mantle, grate and tiling in the house for a fireplace, and in case
Cook desired to purchase them he could do so at cost; otherwise
defendant could remove them.    Fuller put them in and had them
set in the usual manner.    They were worth $40.    About June 1,
1892, Cook notified Fuller that he did not desire to purchase, and
prior to June 13, 1892, defendant took down the mantle, grate and
tiling and stored them on the premises.    He remained in the house·

until September 10, 1892, when he removed and took away the mantel, grate and tiling. The real estate was not redeemed from the foreclosure sale and plaintiff became the owner thereof and brought this action to recover the possession of the mantel, grate and tiling; claiming they were fixtures and a part of the house and became its property by the foreclosure and non-redemption. The defendant answered, a jury was waived and the action tried by the court. Findings were made of these facts and judgment ordered for defendant. Thereupon plaintiff moved the court on notice to set aside the findings and grant a new trial. Being denied it appealed.

George D. Emery, for appellant.

By virtue of its mortgage plaintiff became entitled, at common law, by statute and by the terms of the mortgage itself, to all improvements and fixtures subsequently placed on the land whether with, or without, its consent. If Cook had himself placed the mantel, grate and tiling in the building he could not have removed or detached it without the consent of the mortgagee. How then could he convey the right to another to do that which he could not do himself. The placing of this mantel, grate and tiling, was in exact performance of one of the conditions on which the loan was originally made. The house was to contain one mantel, &c. *Cherry* v. *Arthur*, 5 Wash. St. 787; *Butler* v. *Page*, 7 Met. 40 ; *Arnold* v. *Crowder*, 81 Ill. 56 ; *Merritt* v. *Judd*, 14 Cal. 60 ; *Roberts* v. *Dauphin Deposite Bank*, 19 Pa. St. 71.

If a mortgagor lease the mortgaged premises and the tenant erects fixtures thereon with the understanding with the mortgagor that they will be removable at the end of the term, they become a part of the realty and cannot be removed by the tenant as against the mortgagee. *Frankland* v. *Moulton*, 5 Wis. 1; *Lynde* v. *Rowe*, 12 Allen 100 ; *Smyth* v. *Sturgis*, 108 N. Y. 495; *Hunt* v. *Bay State Iron Co.*, 97 Mass. 279; *Voorhees* v. *McGinnis*, 48 N. Y. 278; *Wright* v. *Gray*, 73 Me. 297; *Woodham* v. *First Nat. Bank*, 48 Minn. 67.

Goebel & Gjertsen, for respondent.

The foreclosure sale does not give ownership. The purchaser's title is not complete until the time for redemption has expired.

*Donnelly* v. *Simonton*, 7 Minn. 167; *Loy* v. *Home Ins. Co.*, 24 Minn. 315; *Berthold* v. *Holman*, 12 Minn. 335; *Tifft* v. *Horton*, 53 N. Y. 377.

Cook had the right to make the agreement with Fuller, and Fuller had the right to remove the mantel in question as he did, according to the agreement. *Ferris* v. *Quimby*, 41 Mich. 202; *Globe Marble Mills Co.* v. *Quinn*, 76 N. Y. 23.

An agreement may be made between the owner and his tenant that a chattel may be attached to the freehold, and thereafter and before the expiration of the lease, removed by the tenant, provided it can be detached without material injury to the realty. The chattel does not become a part of the realty or lose its character as personal property. *Ford* v. *Cobb*, 20 N. Y. 344; *Warner* v. *Kenning*, 25 Minn. 173; *Stout* v. *Stoppel*, 30 Minn. 56; *Shapira* v. *Barney*, 30 Minn. 59; *Little* v. *Willford*, 31 Minn. 173; *Ingalls* v. *St. Paul, M. & M. Ry. Co.*, 39 Minn. 479.

When plaintiff bid in the property on June 13, 1891, it bid it in without the mantel, as at that time it was not yet placed in the building. There was no injury to the freehold and none was claimed by plaintiff. It received just what it expected at the sale under foreclosure, and has nothing to complain of.

A fire frame may be removed. *Gaffield* v. *Hapgood*, 17 Pick. 192. A furnace may be removed. *Baldwin* v. *Merrick*, 1 Mo. App. 281; *Kelsey* v. *Durkee*, 33 Barb. 410. Hearth stone may be removed. *Poole's Case*, 1 Salk. 368. Grates and ranges fixed in brick work may be removed. *Lee* v. *Risdon*, 7 Taunt. 188; *Rex* v. *St. Dunstan*, 4 B. & C. 686. Even a chimney may be removed. *Moore* v. *Wood*, 12 Abb. Pr. 393.

A mortgage given upon chattels which afterwards are attached to the freehold, is paramount and superior to a prior real estate mortgage. *First Nat. Bank* v. *Elmore*, 52 Ia. 541; *Eaves* v. *Estes* 10 Kans. 314; *Tifft* v. *Horton*, 53 N. Y. 377; *Henry* v. *Von Brandstein*, 12 Daly 480; *Miller* v. *Wilson*, 71 Ia. 610; *Lansing I. & E. Works* v. *Walker*, 91 Mich. 409.

COLLINS, J. When the annexation of a chattel to real property by a tenant is of such a nature that it can be detached without

being materially injured, and without material injury to the things real to which it is annexed, and there is an agreement between a landlord and the tenant that the chattel shall remain personal property notwithstanding the annexation, the chattel will, as between them, retain that character.  *Warner* v. *Kenning,* 25 Minn. 173. See, also, *Stout* v. *Stoppel,* 30 Minn. 56, (14 N. W. 268;) *Ingalls* v. *St. Paul, M. & M. Ry. Co.,* 39 Minn. 479, (40 N. W. 524.)  The respondent had the right, therefore, as against his landlord, to remove the mantel and tiling, and this seems to be admitted.

The real question here is as to his right to detach and remove the property during his term under the lease, and prior to the expiration of the period fixed by law within which the landlord had the right to redeem from the mortgage foreclosure sale.  During this period the mortgagor landlord was entitled to full possession of the premises, and to all rents and profits arising therefrom. The purchaser at the sale stood in no other or different position in these respects than did the mortgagee prior to the sale.  Either could prevent or restrain waste, but both were powerless to interfere with the mortgagor's right to possession and to become a landlord.

If we did not regard the question now before us as already settled in this court, we should not hesitate to say that the respondent tenant had the right to detach and remove the property in question, as agreed upon between his landlord and himself.  But in the recent case of *Merchants' Nat. Bank* v. *Stanton,* 55 Minn. 211, (56 N. W. 821,) it was held that, where it was agreed between the owner of mortgaged real property, in possession, and another person, that the latter might erect a building upon the land, and that it should remain the personal property of the person who erected it, the absence of a concurrent agreement to that effect on the part of the mortgagee would not of itself make the building a part of the mortgage security, although it was so built that, in the absence of any agreement to the contrary, it would have become a part of the realty. The reasoning in that case is applicable, and fully covers the question now under consideration.  See, also, *Tifft* v. *Horton,* 53 N. Y. 377.

The counsel for appellant argues that the court erred in finding that the mantel and tiling were detached prior to the expiration

of the year of redemption. There was some dispute over this, but there was evidence to warrant the finding as made, just as there was evidence which would have supported a contrary finding. This covers all assignments of error which need special mention.

Order affirmed.

(Opinion published 58 N. W. 831.)

Submitted on briefs April 4, 1894. Affirmed April 20, 1894.