ELIZABETH M. VANDIVER *vs.* J. C. O'GORMAN.

Submitted on briefs April 4, 1894.   Affirmed April 20, 1894.

No. 8581.

**Mortgage to a stranger is not a defense in trover and conversion.**

In an action of trover by the mortgagor of personal property against a mere wrongdoer who is a stranger to the mortgage, it is no defense that there is a default in the mortgage which is held by a third party, and due and payable.

**Measure of damages in such case.**

In such a case the plaintiff, being entitled to the possession of the property converted, is entitled to recover the full value of the property, and not merely the excess in value over the sum secured by the mortgage.

Appeal by defendant, J. C. O'Gorman, from an order of the District Court of Washington County, *W. C. Williston, J.*, made February 21, 1893, denying his motion for a new trial.

On March 6, 1891, J. S. Vandiver was the owner of a job printing press, thirty six fonts of job type, some large wood type and two cherry cabinets of the value of $400. On that day he mortgaged this property to David Tozer to secure the payment of his note for $150 and interest, due June 6, 1891. He soon after delivered the property to defendant to be stored in the Union Station building in Stillwater. On July 15, 1891, defendant by his agent sold it at auction with a large amount of other property belonging to him. Vandiver soon after demanded his property, but could not obtain it. He then sold his right to the property and assigned his claim to his wife, the plaintiff Elizabeth Vandiver, and she brought this

action to recover its value with interest from the time of the conversion. The debt to Tozer remained unpaid. The defendant answered and on the trial November 15, 1892, these facts appeared. The Judge instructed the jury to assess the value of the property and return a verdict for the plaintiff for the amount. Defendant excepted. The jury returned a verdict for $417.60. Defendant moved for a new trial. Being denied he appealed.

*Kueffner, Fauntleroy & Searles,* for appellant.

Our position is that David Tozer was the owner of the property and entitled to the possession, the mortgage debt being past due and unpaid, and he alone could sue for a conversion. Where property is taken by a stranger the mortgagee (Tozer) may recover the entire value, holding the excess over his special interest in trust for the mortgagor (Vandiver.) *Russell* v. *Butterfield,* 21 Wend. 300; *Cushing* v. *Seymour, Sabin & Co.,* 30 Minn. 301; *Adamson* v. *Peterson,* 35 Minn. 529.

The recovery by Vandiver would not protect defendant from another action by Tozer the mortgagee. The title is conveyed to him, subject to be defeated on payment of the debt, and in the absence of stipulation to the contrary he has the right of possession. *Mann* v. *Flower,* 25 Minn. 500; *Fletcher* v. *Neudeck,* 30 Minn. 125; *Kellogg* v. *Olson,* 34 Minn. 103; *Close* v. *Hodges,* 44 Minn. 204. Plaintiff has no title, no possession, no right of possession. She has a mere right of redemption by paying to Tozer the amount of his mortgage debt, and she will be fully compensated by allowing to her damages equal to the value of the property less the amount of the debt secured upon it.

*Henry & R. L. Johns,* for respondent.

A mortgagor after default and before the mortgagee has exercised his right to take possession of the property, has a sufficient interest in it to maintain an action for its conversion. *Hall* v. *Sampson,* 35 N. Y. 274; *Hathaway* v. *Brayman,* 42 N. Y. 322; *Tallman* v. *Jones,* 13 Kans. 438.

An agister, a carrier, a factor, may bring trover; even a general bailment made for no special purpose but only for the benefit of the

rightful owner will enable the bailee to bring trover and conversion. *Faulkner* v. *Brown*, 13 Wend. 63; *Beger* v. *Busch*, 50 Ala. 19; *Russell* v. *Butterfield*, 21 Wend. 300.

In trespass *de bonis asportatis* possession is enough to sustain the action. *Hanmer* v. *Wilsey*, 17 Wend. 91; *Duncan* v. *Spear*, 11 Wend. 54.

The recovery of damages either by the bailor or by the bailee deprives the other of his right of action. *Armory* v. *Delamirie*, 1 Smith's Leading Cases, 636.

CANTY, J.   The plaintiff brought an action of trover against the defendant for the conversion of certain personal property.   The defendant, among other things, answered that one David Tozier held a mortgage on the property.   The bill of exceptions states that upon the trial it appeared that the amount of this mortgage was the sum of $150, and that it was due and payable to Tozier at the time of the conversion by defendant.   The court below held that, as between plaintiff and defendant, the existence of this mortgage was no defense, ordered a verdict for plaintiff, and left it to the jury to assess the amount of the damages; and, from an order denying a motion for a new trial, defendant appeals.

We are of the opinion that the order appealed from should be affirmed.   The plaintiff held the rights of the mortgagor, who was entitled to possession until the mortgagee saw fit to enforce the default in the mortgage.   As between plaintiff and a wrongdoer who was a mere stranger to the mortgage, she was entitled to recover the full value of the property converted.   The mortgagee did not interfere or make any claim against the defendant for the property or its proceeds, and the plaintiff was entitled to recover the full amount of these proceeds, and hold, as trustee, the amount due the mortgagee.   *Jellett* v. *St. Paul, M. & M. Ry. Co.*, 30 Minn. 265, (15 N. W. 237.)

Proof that the right of a third person is superior to that of the plaintiff is not sufficient unless it has the effect of disproving the right of plaintiff to possession, as between himself and defendant.

Although the loss of the mortgagor may be less than it would be if his title was not incumbered, still it is well-settled law that

his recovery will extend to the full value of the chattel, because anything short of this will enable the defendant to profit by his own wrong.

The authorities on this point are cited in the note to *Armory* v. *Delamire*, 1 Smith, Lead. Cas. 374 (8th Ed. p. 679.)

Order affirmed.

Buck, J., absent, sick, took no part.

(Opinion published 58 N. W. 831.)