TERRY et al. v. SPEARMAN.   (No. 2616.)*

(Court of Civil Appeals of Texas. Texarkana. Nov. 2, 1922.   Rehearing Denied Nov. 9, 1922.)

1. Chattel mortgages ⊙➡177(1, 4)—That property alleged converted was mortgaged to another did not defeat recovery nor affect measure of damages.

In action for conversion of a sawmill against judgment creditor of plaintiff's assignor, sheriff and purchaser at execution sale, it was no defense that it was mortgaged by plaintiff's assignor to a third person, and plaintiff, being entitled to the possession, could recover its full value, and not merely the value of the equity.

2. Trial ⊙➡350(8)—Refusal to add to questions submitted as to inducement for transfer of-property to plaintiff not error in view of finding of bona fides of transfer.

Where the undisputed evidence in action for conversion showed that plaintiff's assignor transferred the sawmill to her in consideration of $1,500, $500 of which she paid him in cash and $1,000 by credit on an account against him, and where questions submitted to the jury were whether the property was transferred with intent to hinder or defraud creditors and transferred to plaintiff for the purpose of paying or being credited on a debt assignor owed plaintiff, refusal of defendant's request to add whether assignor was induced to make the transfer by the $500 cash paid him by plaintiff was not error in view of the finding that the transfer was not made to defraud.

Appeal from District Court, Marion County; R. T. Wilkinson, Judge.

Suit for conversion by Mattie Spearman against W. S. Terry and others. From a judgment for plaintiff, defendants appeal. Affirmed.

J. H. Benefield, of Jefferson, and F. H. Prendergast and George Prendergast, both of Marshall, for appellants.

Schluter & Singleton, of Jefferson, for appellee.

WILLSON, C. J. July 25, 1919, at the instance of appellant T. D. Howell, an execution issued on a judgment in his favor against John Spearman for $538.48 was levied by appellant Terry, then sheriff of Marion county, on certain machinery, etc., constituting a sawmill plant, as the property of said John Spearman. At the sale made August 5, 1919, as provided by law, Rowell purchased the property, and the sheriff conveyed same to him by a bill of sale then executed. Claiming that she was the owner of the plant and that the acts of appellants constituted an unlawful conversion thereof, appellee brought this suit against them and recovered the judgment for $1,000, the value of the property, from which the appeal is prosecuted.

It appeared from testimony heard at the trial that John Spearman owned the property January 20, 1919, when he undertook by a bill of sale he then executed to convey it to appellee, his sister. Appellants contended that John Spearman was insolvent at the time he made the conveyance to appellee, and that same was void as to Rowell because without consideration and made by John Spearman with intent to hinder, delay, and defraud his creditors. On special issues submitted to them the jury found: (1) That the transfer was not made by John Spearman to hinder, delay, or defraud his creditors; (2) that he was at the time indebted to appellee in the sum of $3,000, that the property was then worth $1,500, and that he conveyed same to her "for the purpose of paying or being credited on" his indebtedness to her; and (3) that appellee owned the property at the time it was levied upon, and that it was then worth $1,000.

[1] In their answer appellants alleged, and at the trial offered to prove, that at the time John Spearman conveyed the property to appellee it was incumbered by a mortgage made by John Spearman to one Rhyme to secure indebtedness of said John Spearman to Rhyme for a sum in excess of its value, and they complain of the action of the trial court in sustaining exceptions to the allegations and refusing to permit them to prove that the property was so incumbered. In support of the contention made that the action of the trial court was erroneous appellants insist that, if the property was subject to the mortgage in favor of Rhyme, appellee was not entitled to recover its value of them, without reference to the mortgage, but was entitled to recover only the value of the property as incumbered by the mortgage. But, as we understand the law, the ruling of the trial court to the contrary of the contention was correct. Appellee was the owner of the property and was lawfully

---

⊙➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error granted January 17, 1923.

in possession of it. Appellants neither owned an interest in it nor were they entitled to possession of it. Indeed, it seems that in seizing and selling the property as they did they were wrongdoers without any kind of lawful excuse. In Erwin v. Bowman, 51 Tex. 513, an execution on a judgment in favor of one Magale against Bowman was levied on property owned by Bowman, but incumbered by a trust deed made by Bowman to secure a debt he owed one Hill. In a suit for conversion brought by Bowman against Magale and Erwin, the constable who levied the writ, Bowman recovered judgment for the value of the property. ·On appeal it was held that Bowman's right to recover the value of the property was "unaffected by the deed of trust." A like ruling on similar facts was made by the Minnesota Supreme Court in Vandiver v. O'Gorman, 57 Minn. 64, 58 N. W. 831; and see Guttner v. Whaling Co. (U. C.) 96 Fed. 617, where, as in Vandiver v. O'Gorman, the rule is treated as a well-established one. Appellants cite Brooks v. Lewis, 83 Tex. 335, 18 S. W. 614, 29 Am. St. Rep. 650, Towell v. Smith (Tex. Civ. App.) 55 S. W. 186, and Sanger v. Piano Co. (Tex. Civ. App.) 75 S. W. 39, as cases supporting their view. But we think those cases are distinguishable from this one in their respective facts, and that neither of them supports the contention urged by appellants. In the Brooks Case it appeared that the defendant sheriff held an order of sale issued on a judgment in favor of the plaintiff and also held a like writ issued on a judgment in favor of another person. He sold the property under the plaintiff's writ alone, when, the Supreme Court thought, he should have sold it under both writs. The complaint against him was that after so selling it he refused to deliver possession of the property to plaintiff, who was the purchaser·at the sale. In the Towell Case it appeared that the plaintiff, Smith, had an execution levied on property of one Harrison, and that the defendant Towell, who had a mortgage against the property, was the highest bidder at the sale. Towell refused to comply with his bid. The suit was for the statutory penalty (article 3771, Vernon's Sayles' Ann. Civ. St. 1914) for failure of Towell to comply with his bid. In the Sanger Case it appeared that the piano company sold a piano to Mrs. Meyer, reserving title thereto until she paid the purchase price. Sanger, without notice of such reservation of title, purchased the piano of Mrs. Meyer. He was also the purchaser thereof at a foreclosure sale under a judgment in favor of one Bradley against Mrs. Meyer. The suit was by the piano company against Sanger for the value of the piano.

Question 2 submitted to the jury was as follows:

"Did John Spearman transfer the property to Mattie Spearman with intent to hinder, delay, or defraud his creditors?"

Question 4 was:

"Was the property transferred to Mattie Spearman by John Spearman for the purpose of paying or being credited on a debt that he owed her?"

Appellants complain because the trial court refused their request to add to question 4 the following:

"Was John Spearman induced to make the transfer by the $500 cash paid him by Mattie Spearman?"

[2] The complaint is without merit. It was undisputed in the testimony that John Spearman was induced to make the transfer in consideration of $1,500, $500 of which amount appellee agreed to pay and did pay him in cash, and $1,000 of which she paid by a credit on the account she had against him. That John Spearman would not have made the transfer had appellee not paid him $500 of the consideration in cash was immaterial if he did not make it with intent to hinder, delay, or defraud his creditors. Had the question been submitted to the jury, and had they answered it in the affirmative, it would not have been a reason why the trial court should not have rendered the judgment he did render. The transfer to appellee would not have been invalid and appellants would have had no right to complain of it had the entire consideration been paid by appellee in cash, unless John Spearman in making it intended to hinder, delay, or defraud his creditors. Sanger v. Colbert, 84 Tex. 668, 19 S. W. 863; 27 C. J. 497 et seq., and authorities there cited. The value of the property the amount appellee paid for it, and whether she paid for it with cash or not, and matters like those, were of importance in the case only so far as they tended to prove or disprove that the transfer to appellee was made by John Spearman with the intent denounced by the statute.

What has been said applied as well to the complaint of appellants because the trial court refused their request to submit questions to the jury as follows:

"(8) Did John Spearman exercise acts of ownership over the property after the date of the bill of sale read in evidence?

"(9) Was Jeff Dowell placed in possession of the property by John Spearman after the date of the bill of sale?"

Had both those questions been submitted and answered in the affirmative, it would not therefore appear that the judgment was erroneous.

We do not think the attack on the verdict of the jury on the ground that it was "contrary to the evidence in finding that John

Spearman did not transfer the property to defraud his creditors" should be sustained. The burden of proof on that issue was on appellants, and we think the jury had a right to conclude that they had not discharged it.

The judgment is affirmed.