## KNOWLES v. GILMER STATE BANK et al.
### (No. 3432.)

Court of Civil Appeals of Texas. Texarkana.
Oct. 6, 1927.

Rehearing Denied Oct. 20, 1927.

**1. Courts &#9758;170—Petition not alleging value of cotton held not demurrable as not showing county court's jurisdiction to foreclose, where suit was for conversion.**

Where suit against defendant was for conversion of cotton on a count separable from attempt to foreclose chattel mortgage lien against mortgagor, petition was not subject to general demurrer because there was no allegation of value of cotton affirmatively showing jurisdiction in the county court to foreclose lien.

**2. Chattel mortgages &#9758;177(3)—Evidence not showing attaching creditor was purchaser nor holder of cotton held not to show his liability for conversion (Rev. St. 1925, art. 3797).**

In action to foreclose chattel mortgage on cotton and for conversion thereof by attaching creditor of mortgagor who levied on and sold cotton subject to mortgage under Rev. St. 1925, art. 3797, while in mortgagor's possession, evidence not showing judgment creditor had anything to do with cotton after its sale *held* not to show his conversion thereof.

**3. Chattel mortgages &#9758;177(3)—Mortgagee had burden to make prima facie case of attaching creditor's conversion of cotton.**

In suit to foreclose mortgage lien on cotton with count for conversion thereof by creditor of mortgagor who attached cotton while in mortgagor's possession, mortgagee had burden to make out prima facie case of conversion.

Appeal from Upshur County Court; S. J. Moughon, Judge.

Action by the Gilmer State Bank against E. R. Knowles and another. From a judgment for plaintiff, defendant Knowles appeals. Reversed and remanded for new trial.

The Gilmer State Bank brought the suit against Jim Reed on a note for $497.80, less $174 credits thereon, executed by him to the bank, and to foreclose a chattel mortgage lien on certain personalty given by Jim Reed to secure payment of the note. Appellant, E. R. Knowles, was made a party defendant in the suit by the plaintiff, upon the allegation that he had caused to be levied upon and converted three bales of lint cotton covered by the chattel mortgage. The defendants separately made answer to the suit, and a trial was had before a jury. After hearing the evidence the trial court peremptorily instructed a verdict in favor of the plaintiff against both defendants for the amount of the debt sued for, with foreclosure of the chattel mortgage lien on the property. The defendant E. R. Knowles appealed from the personal judgment of the bank against him. Jim Reed does not appeal.

The two assignments of error presented to this court are: (1) That the court should have sustained a general demurrer to the plaintiff's petition, and (2) that a peremptory instruction should not have been given to the jury against appellant, E. R. Knowles.

On January 3, 1925, Jim Reed executed a chattel mortgage to the Gilmer State Bank to secure a note for $497.80 due October 1, 1925. The mortgage covered "40 acres of cotton" to be grown during the year 1925, as well as certain horses, cows, a mule, and a wagon. The chattel mortgage was duly and timely registered. There is no dispute about the chattel mortgage; and the debt secured is admitted to be valid and unpaid, except as to a credit of $174 which was admitted by the bank. It further appears without dispute that Jim Reed was indebted to E. R. Knowles, appellant, on an unsecured open account. Jim Reed admits the account to be owing and due. On September 3, 1925, appellant filed a suit on the account against Jim Reed, and at the same time procured an attachment to be issued and levied on three bales of cotton. At the time of the levy of the attachment writ on September 3, 1925, Jim Reed had in his possession, on his premises, five bales of lint cotton grown on his farm in 1925 and covered by the chattel mortgage of the bank. The bank does not claim to have been in possession of the cotton at the time of the levy. The appellant admits that the five bales of cotton, three of which were levied on, were covered by the chattel mortgage, and that he knew the bank had a chattel mortgage lien thereon. Thereafter, on October 29, 1925, the appellant was by the court awarded judgment on his debt against Jim Reed, with foreclosure of attachment lien and order of sale of the cotton. The three bales of cotton were duly sold under the judgment, at sheriff's sale, after due advertisement. The evidence does not disclose or tend to show who purchased the cotton at the sheriff's sale—whether it was the appellant or some one else. The appellant is not shown to be the holder or to have had any connection with the cotton after the date of sale. And the evidence does not tend to show the whereabouts of the three bales of cotton from the time of the sheriff's sale to the time of this suit—whether or not they had been removed or placed beyond the reach of the bank's lien. The extent of the evidence is that appellant, a creditor of the mortgagor, and with knowledge of the mortgage, caused the cotton to be levied on in the possession of the mortgagor and sold under the judgment against Jim Reed, and that he received the proceeds of the judgment sale and applied them on his debt, tendering the excess to the bank in recognition of the mortgage, and that the bank declined to receive the tender. The three bales of cotton, as ad-

---

&#9758;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

mitted, weighed 1,532 pounds. The evidence is conflicting as to the market value of the cotton.

Briggs & Davis, of Gilmer, for appellant. W. R. Stephens, of Gilmer, for appellees.

LEVY, J. (after stating the facts as above). [1] It is urged as a fundamental error that the petition of the bank was subject to a general demurrer, as there was no allegation of the value of the mortgaged property affirmatively showing jurisdiction in the county court to foreclose the chattel mortgage lien. It is not necessary to look to that point in determining the jurisdiction of the county court and the appellant's rights, since, so far as the appellant is concerned, the suit against him was not one to subject the cotton to the lien, but to recover damages for conversion of the cotton. The allegations against him were laid as for conversion, upon a distinct count, and separable from the attempt to foreclose the chattel mortgage lien against Jim Reed, the mortgagor. The judgment against appellant would be limited to a personal judgment as for conversion. A B C Stores v. Houston Showcase & Mfg. Co. (Tex. Civ. App.) 284 S. W. 332; Smith v. Wall (Tex. Civ. App) 230 S. W. 759. As to the count for conversion there was no defect of jurisdiction in the county court in the amount of damages sued for, as affirmatively appears in the allegation that the cotton at the time it was "converted by the defendant E. R. Knowles was worth the sum of $360."

[2, 3] It is believed that the second assignment of error should be sustained; that a peremptory instruction should not have been given against the appellant. The precise facts appearing in the record are that the appellant, a creditor of the mortgagor, and with notice of the subsisting mortgage, caused to be levied an attachment upon three bales of the mortgaged cotton then in the rightful possession of the mortgagor, and then, under judgment of the court, the three bales of cotton were duly sold at sheriff's sale. The proceeds of the sheriff's sale were received by appellant and applied to his judgment debt, the surplus amount being tendered to the mortgagee in recognition of the mortgage. There was no breach in the conditions of the mortgage at the time of the levy, and the bank does not claim to have been in possession of the cotton. The evidence does not show or indicate that the appellant was the purchaser under the sheriff's sale or the holder in possession of the cotton, or that he was in person or through an agent in any wise exercising any dominion over it. It is not shown that the cotton was removed or placed beyond the reach of the bank's lien. The burden of proof was upon the mortgagee bank to make out a prima facie case of its averments of conversion of the cotton by appellant. 38 Cyc. p. 2078. And the evidence offered does not constitute a conversion rendering appellant liable to the bank for the value of the cotton. For the mere seizure and sale by appellant of the mortgaged cotton in the rightful possession of the mortgagor, there being no subsequent misconduct on his part of wrongful dominion over the property in denial of or inconsistent with the mortgagee's rights, would not render appellant liable as for conversion. Article 3797, R. S.; Skaer v. Bank (Tex. Civ. App.) 293 S. W. 228. By force of the statute, mortgaged property is subject to be "levied upon" and "sold" on execution subject to the mortgage as long as the mortgagor retains and has the right of possession. Article 3797, R. S.; Wootton v. Wheeler, 22 Tex. 338. Having the right to so levy and sell, as appears from the special circumstances, the appellant, merely in virtue of so dealing with the mortgaged cotton, was not in the position of an intermeddler, and the mortgagee was not thereby wronged in respect to its special property or possession therein by that method of proceeding. The levy and the sale being "subject" to the existing mortgage, as expressly provided by the statute, the thing sold and that only bought and acquired by the purchaser was, as held, "the right to pay the debt * * * secured by mortgage and then to hold the property—the equity of redemption." Brooks v. Lewis, 83 Tex. 335, 18 S. W. 614, 29 Am. St. Rep. 650. In legal force such levy and sale in no wise displaces the mortgagee's lien. The mortgagee can still foreclose his lien against the purchaser, which is unimpaired in legal force. Therefore the responsibility of appellant must rest, if at all, upon subsequent misconduct respecting the cotton. There is no sufficient evidence in that respect. He was not shown to be the purchaser or holder of the cotton, refusing to surrender it or pay the mortgage debt or to make or be connected with making wrongful disposition of it after the judgment "sale." He is not shown to have had any connection or relation with the cotton from and after the sheriff's sale. The mere unexplained circumstance that he received and applied to his judgment debt the proceeds of the sheriff's sale of the cotton would not render him liable to the mortgagee for the value of the cotton. As against the mortgagee appellant would have the right to receive and apply to his debt the price the purchaser at the sheriff's sale paid for "the equity of redemption." The mortgagee had no legal interest or concern in the "equity of redemption," whatever price it may have sold for. Estes v. McKinney (Tex. Civ. App.) 43 S. W. 556; Elevator Co. v. Thresher Co., (Tex. Civ. App.) 189 S. W. 1018.

The judgment is reversed and the cause is

remanded for another trial. The cost of appeal is to be taxed against the appellant bank.

Jim Reed not having appealed, the judgment against him will remain undisturbed.