## CAPITAL LOAN & SAVINGS CO v BALTIMORE & OHIO RD CO

Ohio Appeals, 5th Dist, Licking Co

Decided Jan 10, 1933

Messrs. Flory & Flory, Newark, and Mr. C. G. L. Yearick, Newark, for plaintiff in error.

Mr. Edward Kibler, Newark, and Mr. F. Frazier, Zanesville, for defendant in error.

GARVER, PJ.

Although the note secured by the chattel mortgage was long past due, no allegations are made in the petition that the plaintiff made any movement toward foreclosing its mortgage or taking possession of the mortgaged property, so we conclude that it allowed the mortgagor to remain in undisputed possession of the mortgaged horses until they were killed by the locomotive of the defendant.

Suppose the chattel mortgage had covered other chattel property worth a great deal more than enough to secure the mortgage indebtedness due plaintiff, and plaintiff had then refused to make any effort to collect from defendant the value of the mortgaged horses, because of the sufficiency of the remaining chattels to secure its debt, would the mortgagors be without remedy in such case? We think not. The mortgagors in possession had an interest in the subject of the mortgaged horses, which they coud protect by suit or settlement. They made settlement with defendant for killing the horses, which settlement is a complete discharge for the defendant from any further liability for killing the horses. Chicago, R. I. & P. Ry. Co. v Earl, 121 Ark., 514, 181 SW, 925, Ann. Cas., 1917D, 552; Illinois Central Ry. Co. v Hawkins, 65 Miss., 200, 3 So., 410; Vandiver v O'Gorman, 57 Minn., 64, 58 NW, 831.

Finding this reason for sustaining the demurrer, we make no decision upon the other reasons assigned for sustaining same, which were argued by counsel in their briefs. The judgment of the lower court is affirmed at the costs of the plaintiff in error.

SHERICK and LEMERT, JJ, concur.