We are of the opinion that under the conditions present in this case there is a lien to the extent of the claims of plaintiffs upon the funds in the hands of the superintendent of banks for the payment of this special deposit made by the Society of Mary and that a preference should be accorded plaintiffs over general creditors of the Union Trust Company of Dayton, Ohio; and, it appearing that sufficient funds are available for the purpose, the entire amount of this deposit to pay bonds and bond interest ought to be used to pay these obligations.

An entry may be drawn in accordance with this opinion of the court.

Common Pleas Court of Hamilton County.

ALBERT CARELLI V. CLEM TOEPFER.

Decided April 19, 1933.

*Harry H. Shafer*, for plaintiff.
*Nicholas Bauer*, for defendant.

MATTHEWS, J.

The demurrer to the cross-petition presents the question of the right of a bailee to whom an automobile "was loaned * * * on that particular day" to recover for its almost complete destruction through negligence while it was in the possession of the bailee.

The right of a gratuitious bailee to maintain such an action is sustained by almost all—if not all—of the authorities. 3 R. C. L., pages 128 and 129; *Yrisarri* v. *Clifford*, 32 N. M., 1, 249 Pac. 1011; *Stolts* v. *Puget Sound Traction etc., Co.*, L. R. A. 1917 D., p. 214; 5 Oh. Juris., p. 107.

But it is urged that in this state the action must be prosecuted by the real party in interest and that to permit the bailee to maintain this action violates that provision of the code. It is also contended that to do so might subject the adverse party to two actions for the same cause.

The cases sustaining the right of the bailee are found as numerously in the code states containing provisions similar to ours as elsewhere. The state of Washington has a similar statute and these contentions based thereon were urged in *Stolts* v. *Puget Sound Traction etc., Co., supra*, involving the right of conditional vendee to maintain an action for conversion. In answer to them the court at page 216 said:

"The theory of the law being that, the bailee being bound to restore the property or to answer for its value, the action is maintained for the benefit of the bailor, and bars a subsequent action by him. We think the analogy is complete. While having no element of title, the conditional sales vendee is bound to keep the property secure, and to pay its value to the vendor. The quantum of title is the same in the vendor as in the bailor, and the want of title is the same in the vendee as in the bailee. The liability of the trespasser is the same, his only concern being that he shall not be put to the hazard of two recoveries. He is amply protected by the very statutes cited by appellant. Under them he can bring in the vendor and make him answer to the complaint. Under the code system, every action may be said to be an action on the case. Either party or the court, upon its own motion, has ample power to bring in all available parties."

In the recent case of *The Capital Loan & Savings Co.*, v. *The Baltimore & Ohio Rd. Co.*, 44 O. App., 251, (O. L. B. & R., 5-1-33) the court held that a settlement by a tortfeasor with a mortgagor in possession of chattels was a bar to an action by the mortgagee.

For these reasons the demurrer to the cross-petition is overruled.