CASON, MONK & CO. v. BAKER et al.

No. 2251.

Court of Civil Appeals of Texas. Beaumont.

June 28, 1933.

Hodges & Greve, of Nacogdoches, for appellant.

A. T. Russell, of Nacogdoches, for appellees.

O'QUINN, Justice.

Appellant filed suit in the county court of Nacogdoches county, Tex., against J. D.

Baker to recover on his promissory note in the sum of $217.81, with interest and attorney's fees, and for foreclosure of a mortgage on certain property (being the same property set out in a mortgage from Baker to the Commercial State Bank of Nacogdoches) given by Baker to secure the payment of said note. T. E. Baker and the Commercial State Bank of Nacogdoches were made parties defendant to the suit. The mortgage sought to be foreclosed was dated February 14, 1930.

Appellees J. D. Baker, T. E. Baker, and the bank each answered by general demurrer and general denial. Appellee Commercial State Bank specially answered that on January 20, 1930, appellee J. D. Baker executed and delivered to it, said bank, his promissory note in the sum of $681.76, payable October 1, 1930, with interest from date at the rate of 10 per cent. per annum, together with 10 per cent. additional as attorney's fees if collected by suit; that on said date, January 20, 1930, said J. D. Baker executed and delivered to it, said bank, a chattel mortgage on certain property (being the same property set out in the mortgage from Baker to appellant) to secure the payment of said note, and any additional sum or sums that said Baker might subsequently owe it, said bank, to an amount of $1,000.

The mortgage of Baker to the bank covered six mules, two mares, five cows, three yearlings, two wagons, and all farm tools and implements, including three cultivators. It also covered the entire crops of corn and cotton raised by said J. D. Baker in Nacogdoches county for the year 1930, and any and all rents due him by tenants for said year, and provided that, in the event the property and crops mortgaged, when sold, did not pay off and fully discharge all said indebtedness to the bank, then the mortgage should and did cover all crops of corn and cotton grown by said Baker in said Nacogdoches county in the years 1931 and 1932, to pay said indebtedness.

It appears that the bank, during the year 1930, furnished or advanced funds to Baker to the amount of $1,387. During said year the bank received from said Baker, as the proceeds of cotton sold, the sum of $1,366.

The case was tried to the court without a jury, and judgment rendered (a) in favor of appellant against appellee, J. D. Baker for $214.30, the balance due on his note to appellant; (b) that the property mortgaged to appellant to secure the payment of its note was the same property previously mortgaged by Baker to appellee Commercial State Bank; (c) that said bank's mortgage was to secure Baker's note to the bank in the sum of $681.76 and such additional sum or sums as Baker might become indebted to said bank to the amount of $1,000, and that its said mortgage was to secure, and did secure, such additional indebtedness; (d) that the mortgage of the appellee, the Commercial State Bank, was superior to the mortgage of appellant; (e) that appellant take nothing as against appellee Commercial State Bank; (f) that appellant take nothing as against appellee T. E. Baker; and (g) that appellant do not have a foreclosure of its said mortgage.

Motion for a new trial was overruled, and appellant brings this appeal.

At a former day of this term this cause was before us for consideration, and we concluded that the pleadings did not make it to affirmatively appear that the county court had jurisdiction to hear and determine the matter because of lack of clear allegation as to the value of the property upon which it was sought to foreclose the lien, and reversed the judgment and remanded the cause, with instructions.[1] Both parties have filed motion for rehearing suggesting that we overlooked the allegation in plaintiff's petition that the mortgaged property was of the reasonable value of $600. We did not overlook said allegation, but, as both mortgages covered the crops for the year 1930, and also the personal property described above, and the prayer was for "foreclosure" of its lien and for general relief, and there being no itemized valuation of the crops nor the personal property, we doubted then, and still doubt, the sufficiency of the pleading to affirmatively show jurisdiction in the county court, but, as both parties insist upon the sufficiency of the pleadings, and appellant says that the cotton crop for 1930 was not sought to be litigated, we have concluded to grant the motion for rehearing and to decide the case upon its merits.

Baker's mortgage to the bank was dated January 20, 1930. It was given to secure a note for $681.76 and additional indebtedness to the amount of $1,000. The property mortgaged was the crops for 1930, and the personal property mentioned in the mortgage. His mortgage to appellant was dated February 14, 1930. It was given to secure a note for $217.81 and anticipated further indebtedness. It covered the crops for 1930, and the same personal property named in the mortgage to the bank and referred to the bank's mortgage for description. Both mortgages upon execution were immediately placed of record.

It is well settled that chattel mortgages may be given to secure future debts or advances. The bank furnished to Baker during the year 1930 $1,387. All the items composing the $1,387 thus furnished Baker by the bank were furnished or advanced to him after the execution by Baker of his mortgage to appellant, and the placing of same of record. It is contended by appellant that the bank's mortgage, being on the identical

---

[1] Not for publication.

594

property as appellant's mortgage, was superior to appellant's mortgage only to the extent of the $681.76 evidenced by the note to the bank, and that its (appellant's) mortgage was superior to that of the bank as to all sums later furnished Baker, because said sums were furnished after appellant's mortgage was executed and placed of record. In other words, appellant contends that, since the bank furnished Baker $1,387 after appellant's mortgage had become effective, the bank's lien was second to that of appellant, although the bank's mortgage provided for additional advances to the amount of $1,000 during the year 1930. This contention is not sound. Baker's contract with the bank was that its mortgage secured the payment of his note for $681.76, and such other advances made to him by the bank during the year 1930, to the amount of $1,000. This mortgage was of record and known to appellant when on February 14, 1930, it took Baker's mortgage on the same property to secure the payment of his note to it. The times when the additional sums to the amount of $1,000 were advanced by the bank were not material. The bank's lien to the extent of the amount that would be due on its note and the additional sum of $1,000 was a superior lien to appellant's. Poole v. Cage (Tex. Civ. App.) 214 S. W. 500 (writ refused); Willis v. Sanger, 15 Tex. Civ. App. 655, 40 S. W. 229 (writ dismissed); Groos & Co. v. Chittim (Tex. Civ. App.) 100 S. W. 1006, 1011; 41 C. J. Mortgages, p. 525, § 465.

■ Appellant insists that the court erred in refusing it a foreclosure of its mortgage, even though its mortgage lien was a second lien. We think this contention is well taken. The fact that its lien was inferior or second to the bank's lien did not take from it the right to have its lien foreclosed. The important question relative to the foreclosure of its lien is the right it would have relative to the property after foreclosure and sale. The property, if sold under foreclosure of appellant's lien, would still be subject to seizure and sale under the bank's prior lien to satisfy its debt. In other words, the right of appellant, or of the purchaser of the mortgaged property, would be to pay the debt due to the bank secured by the bank's mortgage on said property and then to hold the property; that is, the equity of redemption. Brooks v. Lewis, 83 Tex. 335, 338, 18 S. W. 614, 29 Am. St. Rep. 650; Eade v. Bank, 117 Or. 47, 242 P. 833, 43 A. L. R. 374; Bingham v. Harby & Co., 91 S. C. 121, 74 S. E. 369, Ann. Cas. 1916A, 864; note, 19 R. C. L. Mortgages, § 359, p. 553; 41 C. J. Mortgages, § 1101, pp. 886, 887.

■■ Appellant complains that the court erred in permitting, over its objections, T. E. Baker, an officer of the bank, to testify that the bank had agreed to furnish J. D.

Baker the additional amount stated in the mortgage, $1,000, because, it insists, this testimony was an enlargement of the terms of the mortgage and an interpretation thereof, when the terms of the mortgage were not ambiguous. There is no bill of exceptions in the record showing the ruling of the court, in the absence of which the assigned error cannot be considered. 3 Tex. Jur. § 405, pp. 578, 579. However, if the assignment could be considered, no error is shown because the mortgage had already been introduced in evidence, and it clearly showed the agreement of the bank with J. D. Baker, as testified.

From what we have said, it follows that that portion of the judgment in favor of appellant for the amount due on its note should be affirmed; and likewise that that part of the judgment establishing appellee Commercial State Bank's mortgage on the personal property set forth in its mortgage to secure its note in the sum of $681.76, and the advances made by the bank to J. D. Baker during the year 1930, to the extent of $1,000, to be a first lien and superior to the lien of appellant should be affirmed; and that that portion of the judgment denying and refusing appellant a foreclosure of his second lien on the property should be reversed and here rendered for appellant, adjudging that his said lien be foreclosed and that order of sale accordingly issue, all of which is accordingly so ordered.

Affirmed in part, and reversed and rendered in part.