CASPAR LAIN *v.* GEO. W. and JAS. W. GAITHER.

A person who borrows of another personal property, cannot avoid returning the same, or paying for it, by alleging that since he borrowed the property, the owner has gone into bankruptcy, and the property belongs to his assignee.

(*Yarborough* v. *Harris*, 3 Dev. 40; *Bennett* v. *Roberts*, 4 Dev. 83; *Maxwell* v. *Hairston*, 67 N. C. Rep. 305; and *Burwell* v. *Fulton*, 3 Jones, 386, cited and approved.)

This was a CIVIL ACTION, for the recovery of specific articles of personal property, tried before his Honor, *Judge Wilson*, at the Fall Term, 1874, of the Superior Court of DAVIE county.

On the trial in the Court below, the plaintiff, as a witness, stated that the defendants had borrowed of him a still and a number of still tubs, and upon his demanding their return, they had refused to give them up. On his cross-examination, the counsel for defendants proposed to show, that the title to the still, &c., was in the assignee in bankruptcy of the plaintiff, and that he, the plaintiff, had been declared bankrupt before the loan of said property. To this, the counsel for the plaintiff objected, and the objection was sustained by the Court.

The defendant's counsel then with the view to discredit the witness, the plaintiff, proposed to ask him, if he was not a bankrupt, and if he had surrendered this property, (the stills, &c.,) in the schedule filed by him as a bankrupt?

Counsel for plaintiff again objected; but his Honor allowed the question to be asked, remarking that it might be heard only to affect the credit of the witness. In answer to the question, the plaintiff stated, that he had owned the still and tubs before he was declared a bankrupt; that the same was sold under an execution against his property, by one W. B. Jones, an officer, before he went into bankruptcy; and that the articles were not enumerated in his schedule.

One of the defendants, examined as a witness, stated that the still, &c., had been borrowed, as alleged, from the plaintiff.

His Honor instructed the jury, that if the defendants obtained possession of the property in controversy by borrowing from the plaintiff, and had not surrendered possession of it when demanded of them, they were estopped in this suit from denying the plaintiff's title. To this charge, defendants excepted.

The jury returned a verdict in favor of the plaintiff. Judgment in accordance therewith, and appeal by the defendants.

*Bailey*, for appellants.
*Smith & Strong* and *Brown*, contra.

BYNUM, J. The general proposition is true, that he who acquires possession under another, shall not deny the title of him under whom he holds, so as to prevent him from re-assuming the possession. This, however, is not upon the strict principles of an estoppel, but upon one of morality and good faith analogous to it, which will be adhered to by the Courts, unless it will work injustice, and especially to the rights of third persons, the duty of protecting which has not been officially assumed by the defendant, but has been confided to him by the law. *Yarborough* v. *Harris*, 3 Dev., 40 ; *Bennett* v. *Roberts*, 4 Dev., 83. The application of the principles announced in these cases disposes of this action. The property sued for was borrowed from the plaintiff by the defendants, who seek to avoid the recovery by alleging title in some third person. This third person has not authorized the defendant to vindicate his title, and as to that defence, they are officious intermeddlers with business that does not concern them. They do not pretend that they have any title, nor do they pretend to connect themselves with any third person who has a better title, or any title at all. The authorities cited by the plaintiff are fully to the point. *Maxwell* v. *Hairston*, 67 N. C. Rep., 305 ; *Burwell* v. *Fulton*, 3 Jones, 486 ; Story on Bailment, secs. 110, 226, 193, 264 ; Big. on Estoppel, 426, 421.

No error.

PER CURIAM.                                Judgment below affirmed.