## St. L., I. M. & S. Ry. v Biggs.

1. RAILROADS: *Action for killing stock: Parties plaintiff: Special ownership.*
   *Section 5540, Mansf. Dig.,* provides that any person who, in his own right, owns stock killed or injured, by a railroad train, or who has a special ownership in such stock, may sue the company running such train for the damages sustained. *Held:* That where a horse was hired to a person who agreed to return it in good condition, and while it was in his possession it was killed by a train, he could maintain an action for its value without making the owner a party.
2. SAME: *Same: Measure of damages: Interest.*
   In an action against a railroad company for killing stock, the measure of damages is the value of the animal at the time of the injury, with interest thereon from that date at the rate of 6 per cent per annum. Where the animal is only injured the measure of damages is the difference between its value before and after the injury.

APPEAL from *Hempstead* Circuit Court.
L. A. BYRNE, Judge.

*Dodge & Johnson,* for appellant.

1. One having a special ownership in property, injured or killed, has no right, under the statute of this state, to sue for the value of the same, without making the general owner a party to the action.   The asignment of the right to recover for an injury done to stock by a railroad company is not authorized by law, and where the assignment of a thing in action is not authorized by statute the assignor must be a party.   *Mansfield's Digest, sec.* 4934.   A demand founded upon a tort is not assignable.   *Thurman v. Wells.* 18 *Barb.,* 510; *Butler v. R. R.,* 22 *Barb.,* 112; *Purple v. R. R.,* 1 *Abb.,* 33; *Nash v. Frederick,* 12 *Id.,* 149; *Brooks v. Honford,* 15

*Id.*, 345 ; *Hodgman v. R. R.*, 7 *How. Pr.*, 493 ; *Oliver v. Walsh*, 6 *Cal.*, 456 ; *Lebriski v. Smith*, 3 *Kernan*, 322, 333. Matters arising " ex delicto " pass no title to the assignee by assignment. *Stogdell v. Ferguson*, 2 *Marsh*, 136 ; *Young v. Fugate*, 1 *Sitt.*, 298.

Where the action is commenced by the assignee, and the assignor not made a party, the plaintiff will not be allowed to amend by substituting the name of the assignor. *Newman's Pl. and Pr.*, *p.* 84 ; *Cantrell v. Hewlett*, 2 *Barb.*, 311.

2. The allowance of interest upon unliquidated, contested claims, is within the discretion of the jury, but it is not allowed as a matter of right. Interest is only allowed upon contracts, express or implied. *Mansfield's Digest, Chap.* 109 ; *Const. Ark.*, *art.* 19, *sec.* 13 ; *Tatum v. Mohr*, 21 *Ark.*, 355 ; *Gould's Digest, Chap.* 92 ; *Sedgwick on Damages*, 377.

Interest is not allowed as a matter of law except in cases of contract, or the unlawful detention of money. In cases of torts its allowance as damages rests in the discretion of the jury. *Lincoln v. Clofflin*, 7 *Wall.*, 139 ; *Block v. R. R.*, 45 *Barb* ; 1 *Peters C. C.*, 95–179 ; 1 *Johnson*, 315 ; *Hallday v. Marshall*, 7 *Johnson*, 211 ; *Glass Factory v. Reid*, 5 *Cowen*, 599 ; *Still v. Hall*, 20 *Wend.*, 52 ; *Dorrell v. Stevens*, 4 *McCord*, 59 ; *Holmes v. Rankin*, 17 *Barb*, 456 ; *Wolf v. Ins. Co.*, 43 *Barb*, 406 ; *Toledo R. R. Co. v. Johnson*, 74 *Ill.*, 83 ; *Greening v. Wilkerson*, 1 *C. and P.*, 625.

*Scott & Jones*, for appellee.

1. One having a special ownership in property killed or injured is authorized under the statute, to bring an action for the recovery of its value. *Mansfield Digest, sec.* 5540.

2. The question of excessive damages, not having been raised in the court below, cannot be considered here.

*Crumpt et al. v. Starke,* 23 *Ark.,* 131; *Johnson v. Barbour,* 28 *Id.,* 188; *St. L., I. M & S. Ry. Co. v. Hogan,* 42 *Id.,* 122.

3. The owner is entitled to legal interest on the value of the stock, from the date of the killing or injury. *Kelley v. McDonald,* 39 *Ark.,* 393; *Vasco v. C., M. & St. P. Ry. Co.,* 11 *Eng. and Am. Ry. Cases,* 419, *a;　T. & P. Ry. v. Zevi & Bro., 13 Eng. and Am. Ry. Cases,* 464; *T. & P. Ry. v. Tankersley,* 63 *Tex.,* 57.

SMITH, J.　Mrs. Biggs recovered judgment against the railway company for $366.25 for the negligent killing and wounding of several head of live stock at various times.　The errors that are complained of here were a ruling of the court as to the sufficiency of one paragraph of her complaint, and a direction to the jury respecting the measure of damages.　The second paragraph reads as follows:

II. That on, to-wit:　The said first day of May, 1885, at a place on said road, in Miller county, near said mile post, No. 470, defendant, by its agents and employes, carelessly and negligently ran an engine and a train of cars over and upon one horse, in which plaintiff then and there had a special ownership, derived as follows:　Prior to the date of said killing plaintiff had rented and leased and taken into her possession the said horse from one Mrs. Heath for a valuable consideration, and under a promise and agreement, at the expiration of said rental, to return said horse in good, sound condition to said Mrs. Heath, and it was during the continuation of said lease and while in plaintiff's possession that said horse was killed, and thereby plaintiff became liable to and did pay said Mrs. Heath therefor the sum of $80.　Said horse was of the value of $80, and by reason of being run over

and upon as aforesaid said horse was killed, to plaintiff's damage, in the sum of $80.

To this second paragraph the defendant interposed a demurrer upon the grounds, first, that said count failed to set up facts sufficient to constitute a good cause of action against the defendant; and, second, that there was a defect of parties in this, that the paragraph disclosed the fact that one Mrs. Heath was the owner of the horse that had been killed, and that she was, therefore, a necessary party to the action to recover its value.

As horses are not real estate, we must presume the pleader meant to aver that Mrs. Biggs had hired the animal of Mrs. Heath. The point of the demurrer is that the plaintiff had no right, under the statutes of this state, to sue for the value of this animal, so killed, without making the general owner a party to the action, so that all parties in interest might be concluded by the judgment and the defendant might not be harassed with a second action. The argument is that a demand founded upon a tort is not assignable, and where the assignment of a thing in action is not authorized by statute the assignor must be a party, as plaintiff or defendant. *Mansf. Digest, sec.* 4934.

1. RAILROADS: Action for killing stock: Parties plaintiff: Special ownership.

The answer is, that Mrs. Biggs does not sue as assignee, but in her own right. *Section* 5540 *of Mansfield's Digest*, which gives the right of action in such cases, distinctly recognizes the right of any person who has a special ownership in the live stock injured to maintain the action. And this is declaratory of the common law, according to the principles of which the bailee of a chattel, whose term is unexpired, being answerable over to the absolute owner, may sue for its full value, if it is injured or destroyed while in his possession, and if he recover, the action of him who has the reversionary inter-

est is gone. Thus in *Armory v. Delamirie*, 1 *Strange*, 504, *S. C. Smith's Leading Cases, Vol.* 1, *Pt.* 1, [374], *8th Ed.*, a chimney sweep's boy, who had found a jewel, was permitted to recover its full value, notwithstanding it was manifest that the real property was in a third person.

In *Heydon & Smith's Case*, 13 *Coke*, 489, the rule and the reason for it are thus stated: "He who hath a special property of the goods at a certain time shall have a general action of trespass against him who hath the general property, and upon the evidence damages shall be mitigated; but, clearly, the bailee, or he who hath a special property, shall have a general action of trespass against a stranger, and shall recover all damages, because that he is chargeable over."

In *Poole v. Symonds*, 1 *N. H.*, 289, it was decided that one who has received goods belonging to another from the sheriff, and has given a receipt, promising to redeliver them when required, may recover full damages in trover for their conversion. And the court said: "In many cases either he who has the actual, or he who has the constructive possession, may maintain trespass, trover or replevin; but a judgment in favor of one will be a bar to an action in favor of the other."

In the case of *Lyle v. Barker*, 5 *Binney*, 457, it was held that a pawnee of goods could maintain trespass against a stranger, who takes them away, and recover the whole value in damages, though they were pledged for less, upon the ground that he is answerable for the excess to the person who has the general property.

In *White v. Webb*, 15 *Conn.*, 302, the court said: "If the suit is brought by a bailee or special property man against the general owner, then the plaintiff can recover the value of his special property only; but if the suit is

against a stranger, then he recovers the value of the property and interest thereon, according to the general rule, and holds the balance, beyond his own interest, in trust for the general owner."

In *Harker v. Dement*, 9 *Gill.*, 7, it was ruled that "in an action of trespass or trover by a termor against his reversioner for an unauthorized interruption of his possession during the term, the measure of damages is the actual loss sustained by the lessee. But in such an action against a stranger and wrong-doer, the termor is treated as the absolute owner of the property, and he is entitled to recover its full value. The termor being bound to restore the property to the person from whom he obtained it, or to stand responsible in damages for its full value, has the right to recover its full value from a stranger who has wrongfully deprived him of it."

We shall conclude these citations with an extract from the note to *Armory v. Delamarie*, in *Smith's Leading Cases*. vol. 1, *pt*. 1, *top pages* 701–2. "It is universally admitted, that the special right of property conferred by the delivery of a chattel as a pledge, or its bailment for hire, is sufficient to sustain either trover; *Harker v. Dement*, 9 *Gill.*, 7; *Ingersoll v. Van Bokelin*, 9 *Cowen*, 680; or replevin. *Harlan v. Harlan*, 15 *Penn. st.*, 507; *Bass v. Pierce*, 16 *Barb.*, 595. Thus an auctioneer to whom goods have been sent for sale; *Tyler v. Freeman* 3 *Cush.*, 31; a common carrier to whom they have been delivered for transportation, or a warehouseman who has received them for safe keeping, may recover in trover or replevin against any one by whom they are wrongfully taken or converted; *White v. Bascom*, 28 *Vermont*, 268; *Harker v. Dement*. And as the rule is the same whether the bailment is naked, or clothed with a consideration, *Little v. Fossett*, 34 *Me.*, 345, a traveler may maintain trover

against a steamboat company for a carpet bag which has been entrusted to his care by a friend; *Moran v. The Portland Steam Packet Co.*, 35 *Me.*, 55; the obligation imposed by the trust being sufficient to entitle him to damages against those who interfere with its fulfilment. Nor is the right thus conferred by a special property in chattels personal, inconsistent with a co-existing right of action for the same cause in the general owner *Booth v. Terrell*, 16 *Ga.*, 20; *Morgan v. Ide*, 8 *Cush.*, 420; both being entitled to sue, although a recovery, by either will be a bar to a subsequent action by the other; *Strong v. Adams*, 30 *Vt.*, 221; *Ely v. Ehle*, 3 *Coms.*, 506; *Root v. Chandler*, 10 *Wend.*, 110; *Spence v. Mitchell*, 9 *Ala.*, 744; *Hart v. Hyde*, 5 *Vt.*, 330; *Thorp v. Burling*, 11 *John.*, 285; *Drake v. Redington*, 9 *N. H.*, 243; *The Steamboat Farmer v. McCraw*, 26 *Ala.*, 189; *Downer v. Rowell*, 22 *Vt.*, 347; *Nichols v. Bastard*, 3 *C., M. & R.*, 659; *Bryant v. Clifford*, 13 *Metc.*, 138; *Overby v. McGee*, 15 *Ark.* 459. Whether, therefore, the action be brought by the general owner or special owner, the recovery will be for the whole value of the chattel, and will be final; *Smith v. James*, 7 *Cow.*, 329; *Harker v. Dement*, 9 *Gill.*, 7; *White v. Webb*, 15 *Conn.*, 305: *Swire v. Leach*, 18 .*C B. N. S.*, 479; because the law will not allow any one to be vexed twice for the same cause, and regards the damages found by the jury as standing in the place of the thing, for the conversion or asportation of which they are given; *Chelsey v. St. Clair*, 1 *N. H,*, 189; *Bissell v. Huntingdon*, 2 *Id.*, 143; *The Steamboat Farmer v. McCraw*, 26 *Ala.*, 189. It has accordingly been held in a number of instances, that a recovery in trover by a carrier or other bailee, will at all events when followed by a satisfaction, pass the right of property in the chattel for which he sues, and preclude any further proceeding on the part of the bailor; *Chelsey v. St. Clair*;

*The Steamboat Farmer v. McCraw.* The principle is the same when the goods have been let for a time certain, because the hirer is bound to have them forthcoming at the end of the period, and cannot escape from responsbility by alleging that they have been taken away by a wrong doer. *Gordon v. Harper,* 7 *Term ,* 9, and we have seen that judgment was given in *Amory v Delamirie,* for the whole value of the jewel, which necessarily implied that the defendant was discharged from all further liability to the owner, and might thenceforth treat what he had been compelled to pay for as his own property. The effect of this rule may be sometimes to vest the title to chattels in a wrong doer without the knowledge or consent of the owner, but the hardship is mitigated, if not removed, by making the plaintiff accountable for the amount of the verdict, to all who are interested in the property for which it was rendered." *White v. Webb.*

See also 2 *Viner's Abridgement, second Ed.,* 49 ; *Chitty on Pleading,* 62 ; *Bliss on Code Pleading, second Ed., sec.* 23 ; *Story on Bailments, eighth Ed., sec.* 280 ; 3 *Sutherland on Damages,* 473–4.

The instruction that was complained of was in the following words : "If the jury find for the plaintiff, the measure of damages for any animals they may find to have been killed will be the market value of said animal or animals at the date of said killing, with 6 per cent. per annum interest thereon from the time of said killing until the present date ; and the measure of damages to any injured animal is the difference in the market value of said animal—caused by said injury—just before said injury, compared with its market value immediately after said injury."

St. L., I. M. & S. Ry. v. Biggs.

It is insisted that this was objectionable, because it 2. SAME:
directed the jury to include lawful interest in their as- of damages:
sessment of damages. And it is claimed that, while Interest.
allowance of interest upon unliquidated contested claims
lies within the discretion of the jury, yet it is not allowed
as a matter of right or law. It is further claimed that
our statutes give interest only upon contracts, express or
implied, and upon judgments.

In *Tatum v. Mohr,* 21 *Ark.,* 355 and in *Lincoln v. Claflin,*
7 *Wall.,* 139, as well as in numerous other cases decided
by courts of the highest respectability, the law was laid
down as the defendant contends. In *Toledo R. Co. v.
Johnson,* 74 *Ill.,* 83, the rule was applied to the case of kill-
ing animals on a railroad. The judgment there was re-
versed on account of a direction to the jury by the trial
court to add interest from the date of the killing, to the
sum they should find as the value of the property.

The old rule undoubtedly was that interest was not
recoverable on unliquidated demands. And it is so
stated by Mr. Sedgwick in his work on Damages in all
the editions down to and including the sixth, p. 377. In
note c, p. 187, vol. 2 of the seventh edition we find this:
" From the general course of decision, it is apparent that
the tendency is in all cases to add interest where the
measure of damages depended solely upon the value of
the property or of its hire. The rule follows from the
principle of compensation ; interest on the value being a
necessary part of this. The plaintiff has lost the use of
his property, or, if he has replaced it, the interest on the
cost, and he has lost this directly through the act of the
defendant. This is true whether the action be in con-
tract or tort."

The modern rule was adopted by this court in *Kelly v.
McDonald,* 39 *Ark.,* 387, where it was declared that, in

trespass de bonis asportatis, no circumstances of aggrava-
tion appearing, the value of the property, with interest,
furnishes the measure of damages.

In *T. & B. Ry Co. v. Tankersly*, 63 *Tex.* 57, an action for
damages against a railroad company for negligently set-
ting out a fire by sparks communicated from a defective
engine, it was said : "It now seems to be very generally
held that, where a party has a right to recover damages
for the wrongful destruction of property, interest ought
to be allowed as compensation."

*Varco v. C., M. & St. P. Ry Co.*, 30 *Minn.*, 18 ; *S. C.* 11
*Am. & Eng. R. Cases*, 419, was an action against a railway
company for killing two colts. The jury were instructed,
in case they found for the plaintiff, to allow interest on
the value of the property from the time of the injury.
This was held proper, and the court observed : "The
basis of plaintiff's claim for compensation is the value of
the property destroyed. In such cases interest is neces-
sarily allowed for the indemnity of the party. The same
rule applies as in the conversion of property." Compare
*Sutherland on Damages, vol.* 3, 472–3 and cases cited ; *Par-
rott v. Ice Co.*, 46 *N. Y.*, 361.

Another objection to this instruction was that it gave
the jury an inaccurate rule by which to measure the
damages. It is contended that : " In cases where stock
is simply injured and not killed, the measure of
damages is not 'the difference in the market value
of said animal, caused by said injury, just before said
injury, compared with its market value immediately
after said injury.' But the rule is, that it is the duty of
the owner of stock, to take such care of the animal only
partially disabled, as a reasonably prudent man would
bestow upon it if injured by any other accident; and if
by such care the owner can restore it to its former use-

fulness and value, the measure of damages in such case would be the just compensation for the time and labor laid out and expended in effecting a cure; and in the event the injury was permanent or a cure not effected at the time of recovery of judgment, then the measure of damages is the difference between the market value of the animal before its injury and at the time of the recovery of judgment, with costs of care and attention added."

In an action against a railroad company for killing cattle, the proper measure of damages is the value of the animal at the time of the injury. Where the animal is only injured, the measure of damages is the difference between its value before and after the injury. The cases on these points are collected in a note to the case of *Sampsell v. Chicago etc. Ry Co.*, 13 *Am. & Eng. R. Cases*, 592.

Judgment affirmed.