ASHEVILLE AND EAST TENNESSEE RAILROAD COMPANY v. W. A. BAIRD AND J. E. JOHNSON.

(Filed 13 December, 1913.)

1. **Railroads — Car-load Shippers—Bailment—Negligence—Trials—Evidence—Damages.**

   Where a railroad company has placed a car on its track and turned it over to the shipper to be loaded by the shipper, the relation of bailor and bailee is established between them; and where the car is damaged through the negligence of the shipper's employees, the shipper is responsible to the company for the amount of such damages.

2. **Same—Ownership of Car.**

   Where under through traffic arrangements a railroad company furnishes its shipper a car belonging to another railroad company, to be loaded by the shipper, the relation between the two companies is that of bailor and bailee; and where the shipper, through the negligence of his employees, injures the car, the bailee railroad company may recover the damages from the shipper, though it was not the owner of the car furnished him.

3. **Trials—Contributory Negligence—Issues Submitted.**

   It is not error for the trial judge to refuse to submit an issue upon the question of contributory negligence when such has not been tendered by the defendant.

4. **Railroads — Car-load Shipper—Bailment—Trials—Damages—Evidence—Burden of Proof.**

   In such cases, where it is shown that the car was delivered to the shipper in good condition and returned by him damaged, the burden is upon him to show that he had used ordinary care in caring for the property while under his control.

APPEAL by defendant from *Foushee, J.,* at November Term, 1912, of BUNCOMBE.

Civil action tried upon these issues:

1. Did the plaintiff deliver to the defendants, or either of them, a railroad freight car, as alleged in the complaint? If so, to whom? Answer: Yes; as to W. A. Baird.

2. Was said car injured and damaged by the negligence of the defendants, or either of them, as alleged in the complaint? If so, by whom? Answer: Yes; W. A. Baird.

3. What damage, if any, is the plaintiff entitled to recover by reason of such negligence? Answer: $354.28, with interest from date of payment of bill.

The court rendered judgment against the defendant W. A. Baird, who appealed.

*Merrimon, Adams & Adams for plaintiff.*
*W. P. Brown, J. D. Murphy for defendant.*

BROWN, J. This record contains thirty-one exceptions, seventeen of which are to the rulings of the court upon the admission of testimony.

Impressed by the earnestness of the learned and able counsel for the defendant, Judge Murphy, we have scrutinized each of these assignments of error with great care, but are unable to find any error which warrants another trial of this case.

The weight of the evidence tends to prove very clearly that the plaintiff, at the instance of the defendant Baird, delivered to him a freight car, and placed it securely chocked on a side-track to be loaded by Baird with acid wood for shipment over plaintiff's road and its connections.

During the progress of the loading of said car by the servants of the said Baird they undertook, after the car had been practically loaded, to move it, and in order to do so they negligently removed all the scotches placed under said car by the plaintiff for the purpose of holding the same.

The car had been placed on a side-track of the plaintiff in a location convenient for the loading of the wood by the said Baird, on a grade of about 2 per cent, and when the scotches and brakes were removed by the servants of the defendants, the car got from under their control and was permitted to run out

on the main line of the plaintiff, and finally, after running along the main line for some distance, left the track and was thereby injured and damaged.

The car was the property of the Southern Railway Company, and was being used by the plaintiff under its traffic arrangements with the Southern. The plaintiff paid the Southern the sum of $354.28 damages to the car.

It is contended that the plaintiff cannot recover because the car was not the property of the plaintiff, but of the Southern Railway Company, and that if the real owner had brought the action, the defendant could have successfully defended against it.

The jury has found that the car was delivered by the plaintiff, Asheville and East Tennessee Railroad Company, to the defendant W. A. Baird, and the relation existing between the plaintiff and the defendant was that of bailor and bailee. It is well settled that under these facts the defendant Baird could not take advantage of the fact that the title to the property was outstanding in the Southern Railway. *Lain v. Gaither,* 72 N. C., 234.

Where a third party has deprived bailee of the possession of the property, or injured it, the bailee may recover the whole value of the property unless the bailor interposes by a suit for his own protection, and will hold the excess beyond his special interest in trust for the bailor. Cyc., vol. 5, p. 223, sec. 8.

It has been uniformly held that the bailee has a right of action against a third party, who by his negligence causes the loss of or any injury to the bailed articles, and this right has been held to be the same, even though the bailee is not responsible to the bailor for the loss. Cyc., vol. 5, p. 210.

It is contended "that the plaintiff was guilty of contributory negligence in any view of this case, and an issue should have been submitted by his Honor for this purpose, as set out in exception 21."

It does not appear, however, either from the record proper or from the case on appeal, what this issue was. It, therefore, cannot be relied on as error. Contributory negligence is a de-

fense, and it was the duty of the defendant to tender such issue, and except in case the court refused to submit it. *Gross v. Mc-Brayer,* 159 N. C., 374.

In any view of the evidence, it appears that the proximate cause of the injury to the car was the negligent removal of the "scotches or chocks." Consequently, had such issue been submitted, it would not have availed the defendant.

As to the burden of proof, the charge of the court was in some respects more favorable to defendant than he was entitled to.

The car, according to the evidence, was delivered to the defendant in good condition, for defendant's use. Under these circumstances, it also appearing that the car had been returned in a damaged condition, there was a presumption that the defendant was negligent, and the burden was upon him to show that he had used ordinary care in caring for the property. The court, however, in its charge, placed this burden upon the plaintiff. Cyc., vol. 5, sec. 7, p. 217; *Simmons v. Sikes,* 24 N. C., 100.

The rule is laid down in Cyc., *supra,* as follows: "Where negligence is the foundation of the action between the bailor and bailee, the burden of proving negligence is ordinarily on the former. *The burden is on the bailee, however, to show that he has exercised such degree of care as the bailment called for, where the subject-matter was in good condition when placed in the hands of the bailee, and in a damaged condition when returned,* or where it was lost and not returned at all, or where he refuses to give any account of how the injury occurred."

No error.