Chicago, R. I. & P. Ry. Co. *v.* Earl.

Opinion delivered January 3, 1916.

1.  Chattel mortgages—filing notice.—Where a chattel mortgage is filed under Kirby's Digest, § 5396, third parties are put on notice of the same.

2.  Chattel mortgages—possession by mortgagor—duty to mortgagee.—A mortgagor in possession of a mortgaged chattel, occupies the position of a bailee, with a special ownership in the property, which imposes on him the duty to protect it from wrongdoers, and making him liable to the mortgagee, if he fails to do so.

3.  Chattel mortgages—injury to chattel—right of mortgagor to sue.—The mortgagor in possession of a horse, although the same is subject to a chattel mortgage, may sue a railway company for damages for killing the same.

4.  Chattel mortgages—injury to chattel—settlement by mortgagor—right of mortgagee.—The mortgagor who is in possession of a horse, may settle with a railway company for damages when the horse was wrongfully killed by a railway train, and having so settled the mortgagee does not have a right of action against the railway.

5.  Negligence—compromise—discharge from liability.—A wrongdoer who is willing to settle for the injury he has done without litigation, should not be and is not forced to go to law; and when he has settled with either one of two parties who may have the equal right to sue him, he has satisfied the demands of the law. The law contemplates but one settlement or satisfaction for the same injury.

Appeal from Perry Circuit Court; *Guy Fulk*, Judge; reversed.

STATEMENT BY THE COURT.

This suit was instituted by the appellee to recover damages from appellant for killing appellee's horse. Appellee alleged that he was the owner of the horse by virtue of a mortgage executed to him by Edmond Person; that his mortgage had been duly recorded before the horse was killed; that the debt of $150.00 which the mortgage was given to secure was past due and unpaid; that the horse was of the value of $150.00; that appellant's agents negligently caused a train to strike and kill the horse, to appellee's damage in the above sum, for which appellee prayed judgment.

Appellant answered denying the allegations of negligence and pleading in bar of appellee's action that the horse was in possession of Edmond Person when it was killed and that Person claimed to be the owner thereof; that appellant had settled all damages for the killing of the horse by paying to Edmond Person the sum of $195.00, and had obtained from him a full release.

The issues were submitted to the court sitting as a jury upon the following agreed statement of facts:

"It was agreed that the property in question was not in possession of the mortgagee at the time it was killed, and that it was in the possession of the mortgagor, personally.

"That the horse in controversy was originally the property of one Edmond Person; that prior to the alleged killing of the horse, said Person had executed a mortgage or deed of trust upon the horse, for the purpose of securing an indebtedness in favor of R. D. Earl, the plaintiff in this case; that said mortgage was duly acknowledged and recorded in the office of the recorder of Perry County, prior to the killing of the horse.

"It is further admitted that the facts of this case entitled the plaintiff to recover as a matter of law, if the settlement alleged in the answer by the defendant with Edmond Person is not a defense to the action, notwithstanding the fact that Person had legally executed a mortgage upon the horse, which was legally recorded prior to the killing of the horse and the settlement of the. defendant with Person.

"It is further admitted that the defendant made payment to Person of the value of the horse, prior to the institution of this action and prior to presentation by the plaintiff to the defendant of any claim as such mortgagee."

The court rendered judgment in favor of appellee against appellant in the sum of $150.00, and this appeal was taken.

*Thos. S. Buzbee, Jno. T. Hicks* and *H. T. Harrison,* for appellant.

1. The mortgagor was entitled to maintain an action against defendant to recover the value of the horse. The settlement with the mortgagor precludes the mortgagee from recovery. Kirby's Dig., § 6776; 50 Ark. 169-179; 1 N. H. 239; 1 Smith's Lead. Cases, pt. 1, top p. 701-2; 57 Ark. 140; 105 Pac. 901-908; 39 N. J. Law. 707-8, 712; 137 Am. St. Rep. 890, 893; 84 Mo. App. 111; Jones on Chat. Mortg. (2 ed.), § 447-a, pp. 418, 419.

*Sellers & Sellers,* for appellee.

The cases cited *supra,* do not apply. They all simply hold that a mortgagor has such an interest as to entitle him to sue. A citation of authorities that the mortgagee may sue for injury of mortgaged property would not assist the court in this case. 56 Ark. 473. Here we have a legally executed and recorded mortgage. All parties had notice from the date of filing. Kirby's Dig., § § 5396, 5410. The mortgagee is the legal owner, and a settlement with the mortgagor is no bar.

WOOD, J., (after stating the facts). (1-2) Under section 5396 of Kirby's Digest, which makes the filing of a mortgage for record notice to all persons of its existence, appellant had notice of appellee's rights under his mortgage. "In the absence of stipulations to the contrary the mortgagee of personal property shall have the legal title thereto and the right of possession." Section 5410, Kirby's Digest. But until the mortgagee has actually taken possession, and so long as he permits the mortgagor to retain possession the latter occupies the position of a bailee and he has such a special ownership in the property that imposes upon him the duty of protecting it from wrongdoers and that would make him liable to the beneficial owner if he failed to do so.

(3) This permissive possession and special ownership and the duties and responsibilities incident thereto gave to the mortgagor the right to maintain an action against third parties for the negligent destruction or

conversion of the property. The authorities as a general rule so hold. *Wilkes* v. *Southern Railway Co.*, 85 S. Car. 346, 67 S. E. 292, 21 A. and E. Anno. Cases, 79, and cases in note; 5 A. & E. Enc. of Law (2 ed.) 999, note.

We have a statute that gives any person having a special ownership in live stock killed or wounded by any railroad trains running in this State the right to sue for the damages sustained. Section 6776 Kirby's Digest.

Our decisions recognize the right of one having a special property under the statute to maintain suit for damages against the railway company that killed or wounded the live stock. *St. Louis, I. M. & S. Ry. Co.* v. *Biggs*, 50 Ark. 169-79; *Railway* v. *Taylor*, 57 Ark. 136. Speaking of the right to maintain the suit in *Railway* v. *Biggs, supra,* we said: "And this is declaratory of the common law, according to the principles of which the bailee of a chattel, whose term is unexpired, being answerable over to the absolute owner, may sue for its full value, if it is injured or destroyed while in his possession, and if he recover, the action of him who has the reversionary interest is gone." Mr. Jones, after speaking of the right of the mortgagee to maintain a suit for damages against a stranger for an injury to mortgaged property, has this to say of the right of the mortgagor:

"But the mortgagor, if in actual possession, has the same right of action against one who wrongfully injures or converts the mortgaged property, unless the mortgagee has intervened for his own protection. In this respect the rule is the same as in the case of a bailment, namely, the joint owner of the property, or one having a special interest in it, can maintain trespass or case for injury to it, or trover for a conversion of it, but a judgment recovered by either is a bar to a suit by the other for the same cause of action, and it would seem that a voluntary payment of damages by the defendant to one would be a bar to a suit by the other." 1 Jones, Chat. Mort., 447a.

(4) Since the mortgagor in possession has the right to maintain a suit for damages against the wrongdoer for injury to the property, it follows as the logical, if not

necessary, corollary of his doctrine that the mortgagor would have the right to settle with the wrongdoer without suit. Also that the wrongdoer, having the right to settle, and having settled with the mortgagor, would not be liable over to the mortgagee. This rule is in accord with the commendable policy of compromising and adjusting differences without going to law.

(5) A wrongdoer who is willing to settle for the injury he has done without litigation, should not be and is not forced to go to law. And when he has settled with either one of two parties who may have the equal right to sue him, he has satisfied the demands of the law. The law contemplates but one settlement or satisfaction for the same injury. *Luse* v. *Jones*, 39 N. J. Law, 707-8-12. See also *Wilkes* v. *Ry. Co. supra; Logan* v. *Wabash Western R. Co.*, 43 Mo. App. 71.

The court therefore erred in rendering judgment in favor of the appellee against appellant and its judgment is reversed and the cause is dismissed.