From judgment, upon statement of facts agreed, that plaintiff recover of defendant the sum of $250, with interest thereon from 4 November, 1921, defendant appealed.
Judgment herein was rendered upon statement of facts agreed, as follows:
"That some time prior to 18 September, 1919, the plaintiff sold to W. M. Richards one five-passenger Ford automobile under a title-retaining contract, recorded in the office of the register of deeds of Granville County, on 20 October, 1919, in Book No. 137, at page 448, and *Page 481 
in the office of the register of deeds of Wake County, on 21 February, 1920, in Book No. 360, at page 32, a copy of said contract being attached hereto and made a part of this case agreed, and the amount due plaintiff on said title-retaining contract was $300, with interest from 18 September, 1919.
"The said Ford automobile was delivered to W. M. Richards at the time said contract was made, and he continued in possession thereof until about 23 October, 1921. That on or about 23 October, 1921, the said automobile was being driven by W. M. Richards, and was negligently injured and damaged by one of the defendant's trains at a railroad crossing between Neuse and Wake Forest, N.C. That on 4 November, 1921, the defendant paid W. M. Richards the sum of $250 for the damage to the said automobile and W. M. Richards executed to defendant a release, a copy of which is hereto attached and made a part of this case agreed.
"Upon the foregoing facts agreed, the plaintiff contends that he is entitled to recover the sum of $250, with interest thereon from 4 November, 1921. The defendant contends that plaintiff is not entitled to recover any sum whatsoever."
The note and contract executed by W. M. Richards to plaintiff, trading under the name and style of Creedmoor Auto Company, dated 18 September, 1919, at Creedmoor, N.C. is in words and figures as follows:
"$400.00.
"On the 15th day of November, 1919, I promise to pay to Creedmoor Auto Company, or order, the sum of four hundred dollars, with interest thereon from maturity, at the rate of six per cent per annum. Payments of $25.00 to be made monthly until paid in full.
"This note is given for part of the purchase price of an automobile manufactured by Ford Motor Co., being No. ___________, with motor No. 625330, this day purchased by W. M. Richards of said Creedmoor Auto Company, and the title to said automobile is hereby retained by said Creedmoor Auto Company, until this note and interest is paid in full.
"And upon default in the payment of this note when due, the said Creedmoor Auto Company is hereby authorized to take possession of the said automobile, and sell the same, by public auction, for cash, first giving twenty days notice of the time and place of such sale, the proceeds of such sale to be applied to the payment of this note, the interest thereon, and the cost of the sale, and the surplus, if any, to be paid to W. M. Richards.
"Witness my hand and seal, this 18th day of September, 1919.
"(Signed) W. M. RICHARDS (Seal)." *Page 482 
The release executed by W. M. Richards to the defendant, is as follows:
"For and in consideration of the sum of two hundred and fifty dollars, to me paid, the receipt of which is hereby acknowledged, and for no other consideration whatsoever, I, W. M. Richards, do hereby release and forever discharge the Seaboard Air Line Railway Company, and any and all railroads, owned, leased, operated or controlled by it, and its successors, from all claims and causes of action for or by reason of all injuries of whatsoever nature, including especially to damage and destruction to Ford (five passenger) auto, property of W. M. Richards, also any and all personal injuries and claims received by me on or about the 23rd day of October, 1921, at or near Smith Crossing, National Highway, between Neuse and Wake Forest, N.C. Wake County, North Carolina.
"In witness whereof, I have hereunto set my hand and seal this 4th day of November, 1921. (Signed) W. M. RICHARDS (Seal)."
Defendant excepted to the judgment herein, and assigns same as error. It does not deny liability for damages, resulting from injuries to said automobile, caused by its negligence; it is conceded that the amount of such damages is $250.00; in defense of the action brought by plaintiff, mortgagee, to recover such sum, defendant pleads payment of said sum to W. M. Richards, mortgagor in possession of the automobile, with the consent of plaintiff, at time same was injured; defendant relies upon the settlement with and release by W. M. Richards as a bar to plaintiff's right to recover.
The question, therefore, presented by this appeal, is whether a settlement made in full for all damages to a chattel by the tort-feasor
with the mortgagor in possession, using the chattel with the consent of the mortgagee, is a bar to the action to recover such damages by the mortgagee, whose mortgage is duly recorded at the time the chattel was injured. This question has not been heretofore presented to this Court.
The relationship between plaintiff and W. M. Richards, with respect to said automobile, by virtue of the contract which provides that the title to the automobile sold by plaintiff to W. M. Richards is retained by plaintiff until the note given in part payment of the purchase price has been paid in full, is that of mortgagee and mortgagor; the title-retaining contract is to all intents and purposes a chattel mortgage. Sloan Bros. v. Sawyer-FelderCo., 175 N.C. 657; Piano Co. v. Kennedy, 152 N.C. 196; Hamiltonv. Highlands, 144 N.C. 282; Puffer v. Lucas, 112 N.C. 379. *Page 483 
The legal title to the automobile remained in plaintiff, as mortgagee, from the date of the contract to the date of its injury by defendant; this title drew to it the right of possession, certainly after default in the payment of the note, when plaintiff was expressly authorized by the contract to take possession of the automobile and sell the same. It has been held by this Court that a mortgagee, both before and after default in the payment of the note or indebtedness secured thereby, has the right of possession of the mortgaged property, where there is no express provision or necessary implication to the contrary. By express provision of the contract, the right to possession was in plaintiff at time of injury.Johnson v. Yates, 183 N.C. 24; Hamilton v. Highlands, supra, 280;Satterthwaite v. Ellis, 129 N.C. 67; Moore v. Hurtt, 124 N.C. 28;Hinson v. Smith, 118 N.C. 503.
Plaintiff, the owner of the legal title, and by reason thereof, entitled to possession of said automobile, permitted same to be and remain in the possession of W. M. Richards, his mortgagor; W. M. Richards, with the consent of plaintiff, was driving the automobile at the time it was injured by the negligence of defendant; his possession was, therefore, rightful and lawful. The rights and liabilities of said mortgagor, in possession of the mortgaged property, after default in the payment of the note, with the permission and by the consent of the mortgagee are those of a bailee.Chicago R. I. P. Ry. Co. v. Earl, (Ark.), 181 S.W. 925. 5 R. C. L., p. 464, note 20.
It has been held by this Court, in an opinion written by Justice Brown, in R. R. v. Baird, 164 N.C. 253, that where a third party has deprived a bailee of the possession of the property bailed, or has injured it by his negligence, the bailee may recover the whole value of the property, unless the bailor interposes by a suit for his own protection, and that he will hold the excess beyond his special interest in trust for the bailor. 5 Cyc., 223, sec. 8; 6 C. J., 1168, sec. 184. It has been uniformly held that the bailee has a right of action against a third party, who by his negligence causes the loss of or an injury to the bailed articles, and this right has been held to be the same, even though the bailee is not responsible to the bailor for the loss. 5 Cyc., 210; 6 C. J., 1149, sec. 111. 3 R. C. L., p. 138, sec. 62.
It would seem that if a bailee, who has possession only of the property, the title to which remains in the bailor, may maintain an action to recover damages for injury to the property, caused by the negligence of a third party, a mortgagor, in possession, after default, with the consent and by the permission of the mortgagee, may likewise maintain the action. The interest of a mortgagor in the property mortgaged is greater than that of a bailee in the property bailed. The contract of bailment does not contemplate any change in the legal title to the *Page 484 
property bailed — it remains in the bailor. The mortgagee's legal title, however, is held subject to the equity of redemption in the mortgagor; upon payment of the note, or the performance of the condition by the mortgagor, the mortgagee's title is divested and passes to the mortgagor.
"The mortgagor in lawful possession, whether by the terms of the mortgage or otherwise, has the right to protect his possession against third parties by appropriate legal remedies, because he is regarded as the owner of the property mortgaged as against all persons except the mortgagee, and it is not necessary in such actions to join the mortgagee. Hence, the mortgagor may maintain an action to recover for damages to the property caused by the negligence of a third person." 11 C. J., 598, sec. 300.
"The mortgagor may, even after default, maintain any action necessary to protect the property against wrongdoers. Although on default, the legal title and right to possession are in the mortgagee, yet as between third persons and the mortgagor who is suffered to remain in the possession of the property, the latter has the right of possession and such a special interest that he may maintain such actions as are necessary to protect his possession and his special right." 5 R. C. L., 474.
The foregoing statement of the law applicable is sustained by the Supreme Court of Arkansas in an opinion written by Justice Wood, in ChicagoR. I. P. Ry. Co. v. Earl, 181 S.W. 925. It is there said: "Since the mortgagor in possession has the right to maintain a suit for damages against the wrongdoer for injury to the property, it follows as the logical, if not necessary, corollary of this doctrine that the mortgagor would have the right to settle with the wrongdoer without suit; also that the wrongdoer, having the right to settle, and having settled with the mortgagor, would not be liable over to the mortgagee. This rule is in accord with the commendable policy of compromising and adjusting differences without going to law." See, also, Wilkes v. Southern Railway,85 S.C. 346, 67 S.E. 292. This case is reported with full annotations in 137 Am. St. Rep., 890. After reviewing many authorities, the annotator says: "A mortgagor's right to maintain suit for injury or destruction of the mortgaged chattel due to negligence of the defendant has never been seriously denied."
Either the mortgagee or the mortgagor of personal property, may sue to recover the property or damages for its conversion, injury or destruction; as between them, the right of the mortgagee to the property or to the recovery is superior to that of the mortgagor, but only one cause of action arises from the wrongful act of the wrongdoer; a settlement by him with either the mortgagee or mortgagor, in the absence of fraud or collusion, is a bar to the action of the other. The sum paid or recovered as damages is held in trust to be applied according to the *Page 485 
respective rights of mortgagee and mortgagor; these rights may be enforced by appropriate legal remedies. Wilkes v. Southern Railway, supra; Donnellv. Deering, (Me.), 97 At., 130. R. R. v. Baird, supra; Blackstone, Book II, chap. 30, p. 453.
The rule with respect to the right of action in the mortgagee or mortgagor is the same as in the case of bailor and bailee; namely, "either the general owner of the property or one having a special interest in it, can maintain trespass or case for an injury to it, or trover for conversion of it. But a judgment recovered by either is a bar to a suit by the other for the same cause of action, and it would seem that a voluntary payment of damages by the defendant to one would be a bar to a suit by the other." Jones on Chattel Mortgages, sec. 477a and cases cited.
Registration of the contract between plaintiff and W. M. Richards did not affect the right of the latter, as mortgagor or vendee in possession, to maintain an action to recover damages for the injury to the automobile, caused by the negligence of defendant; nor did it affect the right of defendant to settle with W. M. Richards, and by payment of such damages to him to be discharged from further liability on the cause of action which accrued against it because of its wrongful act. Registration affects the rights only of purchasers for value from, or creditors of the mortgagor; as against them, the mortgage or conditional sale is void until registered, as provided by statute. C. S., 2576, 3311, 3312. The title of the mortgagee or vendor is valid from the date of registration, as against purchasers for value or creditors; a tort-feasor is neither a purchaser for value nor a creditor.
It was held by this Court in Johnson v. Yates, 183 N.C. 24, that a mechanic, who repaired an automobile in the lawful possession of the mortgagor, acquired, under our statute, C. S., 2435, a lien upon the automobile for the reasonable value of the repairs, and that such lien was superior to the title of the mortgagee whose mortgage was duly recorded. The mechanic's right to a lien for the reasonable value of his repairs is not affected by the registration of the mortgage; so we must hold that one, who by his wrongful act, injures the mortgaged property, in the lawful possession of the mortgagor, and against whom a cause of action accrues for damages resulting from his wrongful act, may in good faith pay the amount of such damages to the mortgagor, and that such payment is a full discharge and satisfaction of the cause of action not only of the mortgagor, but also of the mortgagee. A release by the mortgagor, in possession at the time the cause of action accrues, is a bar to an action by the mortgagee for damages arising from the same cause of action. It would be manifestly unjust to hold that a tort-feasor is liable to damages resulting from the same wrongful *Page 486 
act to both mortgagee and mortgagor. Only one cause of action arises from the wrongful act; payment of damages to one who may maintain an action to recover same is and ought to be a full satisfaction of liability to another who might have recovered upon the same cause of action. As said by JusticeHydrick in Wilkes v. Southern Railway, supra, "It would, indeed, be an anomaly to hold that after condition broken, mortgaged chattels might be taken from the possession of the mortgagor, or injured or destroyed by any trespasser and that the mortgagor could have no redress except through the mortgagee." When the mortgagor has received payment for the damages, he holds the same in trust for his mortgagee who may enforce the trust by appropriate proceedings.
The assignment of error must be sustained and the judgment herein
Reversed.