153 So. 467

### LOWERY v. LOUISVILLE & N. R. CO.
### 6 Div. 505.

Supreme Court of Alabama.
Jan. 25, 1934.

138

Dortch, Allen & Dortch, of Gadsden, P. A. Nash, of Oneonta, and Steiner, Crum & Weil, of Montgomery, for the motion.

J. T. Johnson, of Oneonta, opposed.
Brief did not reach the Reporter.

KNIGHT, Justice.

This cause is before us on petition for writ of certiorari to review and revise the opinion and judgment rendered therein by the Court of Appeals.

The single question presented for review here is as to the correctness of the opinion and judgment of the Court of Appeals in holding plea 3, as written, was defective, and subject to demurrer for failing to show, with sufficient certainty that Reid, the mortgagor, released the defendant (railroad company) from liability. With reference to said plea the Court of Appeals observed: "Construing the plea most strongly against the pleader, the settlement with Reid was only for his interest in the truck. Reid had the right to settle with appellee for his interest in the truck without prejudicing appellant's right to recover for his interest in the truck, and, in the absence of an averment to the contrary, we cannot assume that the settlement included anything more."

The Court of Appeals, in the opinion now before us for review, noted that the appeal was upon the record, and, therefore, the court could not affirm that the error in overruling the demurrer was without injury.

At common law, the execution of a chattel mortgage served to transfer, eo instante, to the mortgagee a defeasible title to the property mortgaged, which became absolute at law for the failure by the mortgagor to pay at the stipulated time. As a legal deduction from this common-law rule, where the mortgage was entirely silent as to the right of possession, this right vested in the mortgagee, before forfeiture. And with us, as between the parties, the mortgagee of chattels has the legal title to the property, with the right of immediate possession, even before the maturity of the debt secured thereby, unless, by agreement, or reasonable implication from its terms and conditions, the mortgagor is to remain in possession until the law day. Boswell & Woolley v. Carlisle, Jones & Co., 70 Ala. 244; Hardison et al. v. Plummer, 152 Ala. 619, 44 So. 591.

Ordinarily, if the mortgagor continues in possession after the execution and delivery of the mortgage, such possession is either reserved to him by the stipulations in the instrument, the reasonable implications therefrom, or by the consent and acquiescence of the mortgagee.

As against all persons, other than the mortgagee, whether before or after default, the mortgagor is regarded as the owner of the property mortgaged. Allen v. Kellam, 69 Ala. 443; Comer v. Sheehan, 74 Ala. 457; Marks v. Robinson, 82 Ala. 69, 2 So. 292; Cotton v. Carlisle, 85 Ala. 177, 4 So. 670, 7 Am. St. Rep. 29; Turner v. Glover, 101 Ala. 289, 13 So. 478; Stephens v. Head, 138 Ala.

455, 35 So. 565; Ellis, Treas., et al. v. Handley, 214 Ala. 539, 540, 108 So. 343.

It sufficiently appears from the plea, that whether the law day of the mortgage had passed or not, the mortgagor was in possession of the truck, with all the rights of ownership against all third persons, except the mortgagee.

The plea sufficiently shows also that, while the mortgagor was in possession and had control of the property, the same was injured by an act of the defendant. It then proceeds to aver "that after the alleged injury of said truck by a train of the defendant (petitioner here) the defendant settled with said Reid (mortgagor) and paid him for *the damages done to said truck*, as it had the legal right to do so, and defendant pleaded said settlement with Reid as a bar to any and all rights of recovery on the part of the plaintiff for said damages to the automobile truck. * * *" (Italics supplied.)

In Corpus Juris, vol. 11, page 598, § 300, it is stated: "The mortgagor in lawful possession, whether by the terms of the mortgage or otherwise, has the right to protect his possession against third parties by appropriate legal remedies, because he is regarded as the owner of the property mortgaged as against all persons except the mortgagee, and it is not necessary in such action to join the mortgagee. Hence the mortgagor may maintain an action where an officer makes a wrongful levy, or seizes exempt property on an execution, *or to recover for damages to the property* caused by the negligence of a third person." (Italics supplied.)

Upon the subject of measure of damages in a suit by the mortgagor for the wrongful taking of the goods from his possession, the law is thus stated in Corpus Juris, vol. 11, page 599: "More than a nominal recovery may be obtained by the mortgagor, for the measure of damages is the full face value of the goods which are taken from his possession. * * * Even after *condition broken*, the mortgagor is entitled to recover the full value of the property against one who is a stranger to the mortgage." Vandiver v. O'Gorman, 57 Minn. 64, 58 N. W. 831.

In the case of Harris v. Seaboard Air Line Ry. Co., 190 N. C. 480, 130 S. E. 319, 321, 49 A. L. R. 1452, it was observed: "It has been uniformly held that the bailee has a right of action against a third party, who by his negligence caused the loss of or an injury to the bailed article, and this right has been held to be the same, even though the bailee is not responsible to the bailor for the loss." 5 Cyc. 210; 6 C. J. 1149; 3 R. C. L. p. 138, § 62.

"It would seem that if a bailee, who has possession only of the property, the title to which remains in the bailor, may maintain an action to recover damages for injury to the property caused by the negligence of a third party, a mortgagor in possession, after default, with the consent and by the permission of the mortgagee, may likewise maintain the action."

In the case of Chicago, R. I. & P. R. Co. v. Earl, 121 Ark. 514, 181 S. W. 925, 926, Ann. Cas. 1917D, 552, it was held: "Since the mortgagor in possession has the right to maintain a suit for damages against the wrongdoer for injury to the property, it follows as the logical, if not necessary, corollary of this doctrine that the mortgagor would have the right to settle with the wrongdoer *without suit;* also that the wrongdoer, having the right to settle, *and having settled with the mortgagor, would not be liable over to the mortgagee.* This rule is in accord with the commendable policy of compromising and adjusting differences without going to law." (Italics supplied.)

The early case of Hare v. Fuller, 7 Ala. 717, was one where a bailee of hogs, running at large, sued to recover damages for injuries to the hogs. Upon the trial of the cause, it was proved that the plaintiff was the agent of one Rinehart, the owner, and, as such agent, had the management and possession of Rinehart's stock of hogs. Some of the hogs had broken into the premises of the defendant, and the latter had injured them with dogs. The defendant, among other matters of defense, insisted that the plaintiff had not such a title as would enable him to maintain the action. This court, in an opinion by Ormond, J., in disposing of the defendant's insistence on this point, observed: "We think it indisputable, that the plaintiff had such a possession of the hogs, as would enable him to maintain an action for an injury done to the possession. * * * It is equally as clear, that he could maintain an action for an injury to the property, as well as for an actual taking, upon the ground that he is responsible to the owner, and that an injury to the property, is an injury to the possession. This is an ancient doctrine of the common law. 'Every person who is answerable to another for a personal chattel in his possession, has such a special property in the chattel, as enables him to maintain an action of trespass, for the taking or injuring thereof, by a stranger.' 6 Bac. Ab. Trespass, C. 565. And a recovery, by either the bailee or the own-

140

er, would oust the other of his right of action. Ib. 566."

The Hare Case, supra, was cited with approval in the case of Birmingham Southern R. R. Co. v. Goodwyn, 202 Ala. 599, 81 So. 339, and this latter case was also cited with approval in the case of Bradley v. Wood, 207 Ala. 602, 93 So. 534.

For other cases pronouncing the same doctrine, see Cox v. Easley, 11 Ala. 369; Kelly v. McCaw, 29 Ala. 232; Stetson v. Goldsmith, 30 Ala. 606; Cook v. Patterson, 35 Ala. 105; McGill v. Monette, 37 Ala. 49; Miller v. Clay, 57 Ala. 164; Heygood v. State, 59 Ala. 49; Alabama G. S. R. R. Co. v. Jones, 71 Ala. 493; Shahan v. Herzberg, 73 Ala. 64; Wilkinson v. Searcy, 76 Ala. 180; Montgomery Gas Light Co. v. M. & E. R. R. Co., 86 Ala. 382, 5 So. 735.

In the case of Harris v. Seaboard Air Line R. Co., supra, it is held: "Either the mortgagee or the mortgagor of personal property may sue to recover the property or damages for its conversion, injury, or destruction. As between them, the right of the mortgagee to the property or to the recovery is superior to that of the mortgagor, but only one cause of action arises from the wrongful act of the wrongdoer. A *settlement* by him with either the mortgagee or mortgagor in the absence of fraud or collusion *is a bar to the action of the other*. The sum paid or recovered as damages is held in trust to be applied according to the respective rights of mortgagee and mortgagor. These rights may be enforced by appropriate legal remedies. Wilkes v. Southern Ry. Co. [85 S. C. 346, 67 S. E. 292, 137 Am. St. Rep. 890, 21 Ann. Cas. 79], supra; Donnell v. G. G. Deering Co., 115 Me. 32, 97 A. 130; Asheville & E. T. R. Co. v. Baird [164 N. C. 253, 80 S. E. 406], supra." (Italics ours.)

Plea 3 was not, as supposed by the Court of Appeals, a plea of release, but was in legal effect a plea of estoppel. It did not deny the plaintiff's right of action as for the destruction or injury to the property, but it brought forward the settlement had by the mortgagor with the defendant in preclusion of the right of the mortgagee to maintain the suit, inasmuch as the mortgagee had allowed the property to remain in the possession of the mortgagor, thus arming the latter with the right to make the settlement.

Upon due consideration of the applicable principles of law, as set forth in the cases above cited, we are constrained to hold that plea 3 presented a bar to the plaintiff's ac-

tion, and that the Court of Appeals erred in holding it subject to the plaintiff's demurrer.

It results, therefore, that the judgment of the Court of Appeals will be here reversed, and the cause remanded to that court.

Writ awarded. Reversed and remanded.

All the Justices concur.