A. B. HOPKINS, JR., AND HARTFORD FIRE INSURANCE COMPANY, v. COLONIAL STORES, INC.

(Filed 22 March, 1944.)

**1. Evidence §§ 19, 42b—**

In an action to recover damages caused by the collision of two motor vehicles, whether or not the answer of defendant's driver, made to a question by plaintiff's driver immediately after the accident, that he "must have been asleep," was part of the *res gestæ* becomes feckless, after defendant's driver goes upon the stand and denies the statement attributed to him, the first evidence becoming competent to impeach the defendant's driver.

**2. Appeal and Error § 29—**

Assignments of error, without reason, argument, or authority in the brief to support them, will not be considered on appeal. Rule 28 of the Rules of Practice in the Supreme Court.

**3. Bailment §§ 3, 6—**

A bailee has a right of action against a third party, who by his negligence causes loss of or injury to the bailed articles, and this right has been held to be the same even though the bailee is not responsible to the bailor for the loss.

**4. Appeal and Error §§ 23, 39a—**

Assignments of error relating to damages, where the record shows no such damages awarded, are untenable as no prejudicial error appears.

**5. Evidence § 27: Trial § 19—**

A statement by a witness of his conclusion as to the cause of damage invades the province of the jury and should be stricken out.

**6. Appeal and Error § 39e—**

A charge as to proper brakes on motor vehicles, in compliance with G. S., 20-124, where the evidence shows no mention of brakes, is a harmless inadvertence.

APPEAL by defendant from *Thompson, J.,* at October Term, 1943, of TYRRELL.

This is a civil action to recover damages for injury to an automobile truck of the individual plaintiff, as well also for injury to a trailer and cargo of said plaintiff, inflicted in a collision between the trailer of said plaintiff with a truck and semi-trailer of the defendant, on North Caro-

lina State Highway No. 32, between Edenton and Sunbury in Chowan County near the Gates County line, on 19 August, 1941; and wherein the defendant filed a counter action for damages due to injury inflicted to his truck and semi-trailer in said collision.

The truck and trailer of the plaintiff was driven by one Dixon in a northern direction and the truck and semi-trailer of the defendant was driven by one Roberts in a southern direction. There is allegation and evidence on the part of the plaintiff tending to show that the defendant's truck at the time of the collision was being driven on its left side of the center of the highway, while on the other hand there was allegation and evidence on the part of the defendant tending to show that the truck of the plaintiff was being driven on its left side of the center of the highway at the time of the collision. Therefore, the determinative question of fact presented on the trial was which of the trucks involved in the collision was driven on the wrong side of the highway, that is, on its left of the center of the highway when meeting and passing another vehicle coming in an opposite direction.

Appropriate issues were framed upon these adverse allegations and submitted to the jury and were answered in favor of the plaintiff, as were likewise the other issues submitted relating to contributory negligence and measure of damage.

From judgment in favor of the plaintiff the defendant appealed, assigning errors.

*McMullan & McMullan* for plaintiff, appellee.
*M. B. Simpson* for defendant, appellant.

SCHENCK, J. The assignments of error set out in appellant's brief may be most satisfactorily disposed of by discussing them in the order in which they appear.

Assignments of error 1 and 2 assail the testimony of the plaintiff's witness Dixon, the driver of the plaintiff's truck, to the effect that Roberts, the driver of defendant's truck, immediately after the collision walked back to where the plaintiff's truck had come to rest and replied to a question of Dixon as to what was the matter with him that he (Roberts) "must have been about half sleep." Whether the reply of Roberts, the agent and employee of the defendant, testified to by Dixon, the driver of the plaintiff's truck, was a part of the *res gestœ* and therefore competent, under authority of *Harrill v. R. R.*, 132 N. C., 655, 44 S. E., 109; *Seawell v. R. R.*, 133 N. C., 515, 45 S. E., 850, or was a mere narrative of a past occurrence and therefore hearsay and incompetent, under authority of *Hester v. Horton Motor Lines*, 219 N. C., 743, 14 S. E. (2d), 794, and *Howell v. Harris*, 220 N. C., 198, 16 S. E. (2d),

829, need not be decided, since it appears that Roberts subsequently went upon the witness stand and testified that he made no such statement as was attributed to him by the witness Dixon. This made the testimony of the witness Dixon competent to contradict and impeach the testimony of the witness Roberts and rendered the exception thereto feckless. *Hester v. Motor Lines, supra,* at p. 746.

The rule in this jurisdiction with reference to the competency against the principal or employer of evidence of what an agent or an employee says relative to the acts of such agent or employee bottomed upon the theory that such statements were a part of the *res gestœ,* and the incompetency of statements made by the agent or employee which were mere narratives of past occurrences is clearly stated by the present *Chief Justice* in *Hubbard v. R. R.,* 203 N. C., 675 (678), 166 S. E., 802. The assignments of error 1 and 2 are untenable.

Assignments of error 3, 4, 5, 6, 7 and 8 are to evidence to the effect that the truck of the plaintiff prior to the collision was in "perfect shape" and the trailer of the plaintiff was in "good condition," whereas after the collision the truck was "completely ruined" and a "total wreck," and the trailer even after being repaired was "never as good," and that there were two repair bills, "one was $125.00 and one for $298.00." "No reason or argument is stated or authority cited" in appellant's brief to sustain these assignments. The mere reference to them and nothing more affords no assistance to the Court or to the litigants, and is a mere "pass brief" which does not comply with Rule 28 of Rules of Practice in Supreme Court. 221 N. C., 562-3. *Jones v. R. R.,* 164 N. C., 392, 80 S. E., 408. Assignments of error 3, 4, 5, 6, 7 and 8 are not sustained.

Assignments of error 11, 12 and 13. These assignments all relate to damages suffered by the plaintiff by reason of injury to his cargo, namely, staves, the property of the Richmond Cedar Works, for whom they were being transported under contract. The plaintiff was a bailee for hire of the staves and was entitled to recover damage for loss or injury thereto, since "where a third party has deprived a bailee of the possession of the property bailed, or has injured it by his negligence, the bailee may recover the whole value of the property, unless the bailor interposes by a suit for his own protection, and that he will hold the excess beyond his special interest in trust for the bailor. 5 Cyc., 223, sec. 8; 6 C. J., 1168, sec. 184. It has been uniformly held that the bailee has a right of action against a third party, who by his negligence causes the loss of or an injury to the bailed articles, and this right has been held to be the same, even though the bailee is not responsible to the bailor for the loss. 5 Cyc., 210; 6 C. J., 1149, sec. 111; 3 R. C. L., p. 138, sec. 62." *Harris v. R. R.,* 190 N. C., 480, 130 S. E., 319. See, also, *R. R. v. Baird,* 164 N. C., 253, 80 S. E., 406. Assignments of error 11, 12 and 13 are untenable.

Assignments of error 14, 15 and 16. These assignments all relate to damage alleged to have accrued by reason of the loss of the use of the truck. These assignments are untenable for the reason that it does not appear in the record that any damage was awarded for the loss of the use of the truck. It is stated in appellee's brief that an issue reading: "What damage, if any, is the plaintiff, A. B. Hopkins, Jr., entitled to recover for loss of use of his truck?" was submitted and answered "Nothing"; and while the court in its charge referred to such an issue in setting forth the issues in the record, page 7, no such issue appears. However, whether such issue was submitted, or whether, if submitted, was answered, no damage for loss of the use of the truck was included in the judgment, hence no prejudicial error appears.

Assignment of error 19. This assignment assails the ruling of the court in striking out a portion of the testimony of the witness Roberts that "what damage was done to Mr. Hopkins' truck when the truck turned over the rate of speed he was going is what did the damage to it." This statement stricken out was a mere conclusion, which invaded the province of the jury. The witness had already testified to the specific facts upon which the conclusion was based. Assignment of error 19 is untenable.

Assignments of error 22 and 23. These assignments are to portions of his Honor's charge. No. 22 assails the following excerpt: "If plaintiff has satisfied you from the evidence and by the greater weight that on this occasion the driver of the defendant's truck at the time of the collision failed to drive the defendant's truck upon the right half of the highway, then that would constitute negligence on the part of defendant's driver." The appellant fails to give any reason or make any argument or cite any authority for his position that this excerpt from the charge was error. It seems to be in accord with the statute, G. S., 20-148, which reads: "Drivers of vehicles proceeding in opposite directions shall pass each other to the right, each giving to the other at least one-half of the main-traveled portion of the roadway as nearly as possible." Assignment 22 cannot be sustained.

Assignment No. 23 assails an excerpt from the charge to the effect that the failure to equip a motor vehicle with brakes adequate to control the movement of and stop such vehicles shall constitute negligence, or failure to maintain brakes in good working order shall constitute negligence. We have compared the charge with the statute, G. S., 20-124, and the former seems to be in compliance with the latter. It is true, as stated in the brief of the appellant, that no mention of brakes or absence of adequate brakes is made in the evidence, but on the record as presented we do not regard the exception as valid, or the inadvertence, if such it were, as hurtful.

As aforesaid the evidence of the plaintiff and of the defendant was diametrically opposed. This raised clear cut issues of fact. The issues were submitted to the jury upon evidence and a charge free from prejudicial error, and the jury answered the issues in favor of the plaintiff. These answers compel an affirmation of the judgment predicated on the verdict.

No error.